UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO HERRING ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | Case No. 13-cv-01750-JST<br><br>**NOTICE REGARDING DECEMBER 12, 2013 HEARING** |

Plaintiff San Francisco Herring Association ("Plaintiff") has brought this action against Defendants the U.S. Department of the Interior, Interior Secretary Sally Jewell, the U.S. National Park Service ("N.P.S."), N.P.S. Director Jonathan Jarvis, and Golden Gate National Recreation Area General Superintendent Frank Dean ("Defendants"). First Amended Complaint, ECF No. 17. The parties have filed cross-motions for summary judgment on the issue of whether the Department of the Interior has jurisdiction to prohibit commercial fishing within the navigable waters of San Francisco Bay that are within the boundaries of the Golden Gate National Recreation Area. Defendants' Motion for Summary Judgment on the Issue of Jurisdiction ("Defendants' Motion"), ECF No 31; Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Plaintiff's Opp./Cross-Motion"), ECF No. 31.

In their opposition to Plaintiff's motion, Defendants argue that the Court lacks subject-matter jurisdiction because Plaintiff's claims are time-barred pursuant to 28 U.S.C. § 2401(a), and because the action does not comply with the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a. Defendants' Reply Memorandum in Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Cross-Motion for Summary Judgment on the Issue of Jurisdiction

("Defendants' Reply/Opp.") 3:20-4:10, 27:15-29:8, ECF No. 55.

If the Court reaches the merits of Plaintiff's claim, the Court is likely to determine some or all of the following questions:

1. Whether the State of California holds title to some or all of the navigable waters of San Francisco Bay within the boundaries of the Golden Gate National Recreation Area, and whether the United States has acquired any property interest in those waters. See Plaintiff's Opp./Cross-Motion 12:1-13:9; Plaintiff's Reply in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Reply") 9:20-10:8, ECF No. 56.

2. If the State of California does hold title to such waters, whether the United States Department of the Interior has the statutory authority to prohibit commercial fishing in the waters in which the State of California holds title. See Defendants' Motion 11:11-15:10; Plaintiff's Opp./Cross-Motion 23:15-34:19; Defendants' Reply/Opp. 5:11-11:25, 13:1-27:15.

3. Whether the State of California holds title to some or all of the submerged land beneath the navigable waters of San Francisco Bay that are within the boundaries of the Golden Gate National Recreation Area, and whether the United States has acquired any property interest in such submerged lands. See Defendants' Motion 6:17-26, 17:6-19:9, Plaintiff's Opp./Cross Motion 13:10-20:3; Defendants' Reply/Opp. 12:1-27, 28:8-35:4; Plaintiff's Reply 10:9-11:28.

4. If the State of California holds title to those submerged lands, whether the United States Department of the Interior has the statutory authority to prohibit commercial fishing in such waters above such submerged land in which the State of California holds title. See Defendants' Motion 15:11-17:7; Plaintiff's Reply 12:1-13:15.

The Court has determined that is appropriate to invite the views of the State of California on these questions before deciding them. The Court will invite California to provide its views by separate order.

The hearing noticed for December 12, 2013 will proceed as a hearing only on the question of this Court's subject-matter jurisdiction over this action, and specifically whether Plaintiff's

action is barred by the statute of limitations or the QTA. At the hearing, the Court directs the parties to focus their argument on the following issues:

1. On the facts of this case, what event constitutes "the adverse application of the decision to the particular challenger"? See Wind River Min. Corp. v. United States, 946 F.2d 710, 715 (9th Cir. 1991). The Court understands the United States to argue that the event was the 1983 enactment of 36 C.F.R. §§ 1.2(a) & 2.3(d), see Reply/Opp. 3:20-5:8; the Court understands Plaintiff to argue that a new limitations period accrues every time a United States official articulates the ban on commercial fishing to a member of the San Francisco Herring Association, see Plaintiff's Supplemental Brief in Response to Defendants' Arguments Regarding Statute of Limitations and Quiet Title Act ("Plaintiff's Suppl. Br.") 2:25-5:25, ECF No. 63. Both parties should be prepared to articulate and defend a secondary position in the event the Court disagrees with these primary arguments.

2. To the extent that there are disputed issues of material fact regarding Defendants' actions applying the ban on commercial fishing to Plaintiff, how should the Court reconcile the normal standards for summary judgment with its own independent obligation – and Plaintiff's burden – to establish subject-matter jurisdiction as a matter of fact? See, e.g., Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (quoting Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (where a jurisdictional issue is not intertwined with the merits, "[a] district court may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary'"); see also Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979); see also Rattlesnake Coal. v. E.P.A., 509 F.3d 1095, 1102, n. 1 (9th Cir. 2007) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."); cf. Plaintiff's Reply 15:9-10; Plaintiff's Suppl. Br. 4:4-6.

3. In light of Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak, ___ U.S. ___, 132 S. Ct. 2199, 2206-10 (2012), why should Plaintiff's purported noncompliance with the QTA bar this action, in which Plaintiff is not an adverse

claimant to the United States' property interests?  See Defendants' Opp./Reply 27:15-29:8; Plaintiff's Suppl. 6:26-10:26.

In the event that the Court determines that it has subject-matter jurisdiction over this action, the Court will set an additional hearing after providing an opportunity for the State of California to provide its views and the parties an appropriate opportunity to respond.

**IT IS SO ORDERED.**

Dated:  December 5, 2013

_____
JON S. TIGAR
United States District Judge