UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO HERRING ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | Case No.  13-cv-01750-JST<br><br>**NOTICE TO PARTIES REGARDING QUESTIONS AT HEARING** |

At the January 13, 2014 hearing on Plaintiff's Motion for a Preliminary Injunction, counsel are directed to address the following questions.

**LIKELIHOOD OF SUCCESS ON THE MERITS/SERIOUS QUESTIONS**

For Defendants:

1. Much of Defendants' briefing is devoted to discussing the federal government's constitutional authority to regulate these waters pursuant to the Property and Commerce Clauses and pursuant to California's cession to the federal government of legislative jurisdiction over these waters.  Do Defendants argue that any of these grants of authority to the federal government themselves authorize the DOI to regulate these waters, or do Defendants acknowledge that they must identify a specific statute that permits the regulation?

2. Do Defendants acknowledge that, at least to *lands*, Section 4(a) of the GGNRA requires the Department of the Interior to acquire a property interest in lands within the GGNRA before it may administer them?  If so, why should the Court read the provision to apply differently to land than it does to water?

3. Defendants argue that, assuming the GGNRA Act did limit DOI's regulatory authority to

waters in which DOI had acquired a property interest, Pub. L. 95-48 expanded that authority by adding a provision that authorized the DOI generally to "promulgate and enforce regulations concerning boating and other activities on or relating to waters located within areas of the National Park System." 16 U.S.C. § 1a-2(h). Why should the Court read this later, more generally applicable statute to override a specific limitation contained in the GGNRA Act? For example, assume that the Court concludes that under the GGNRA, the DOI was required to acquire lands within the GGNRA before it could administer then. Another provision of Pub. L. 95-48, now codified at 16 U.S.C. § 1a-6(c)(1), added a provision generally authorizing DOI to designate employees to "act as special policemen in areas of the National Park System." Did this provision authorize the DOI to designate federal officers to patrol land within the GGNRA that the federal government did not own, overriding in part the limitation the GGNRA Act had previously placed on DOI's authority?

For Plaintiff:

4. In its papers, Plaintiff refers to the waters at issue in this case as "the waters of San Francisco Bay adjacent to the shoreline of the Golden Gate National Recreation Area." See, e.g., Motion at 1:14-15. The Court understands that Plaintiff disputes whether the DOI may regulate these waters, but does Plaintiff also dispute that the waters are within the boundaries of the GGNRA?

5. Plaintiff argues that the DOI must acquire a property interest in the waters of the GGNRA before it may regulate those waters, and it claims that the DOI owns no property interest in the waters of the GGNRA. But in these waters, doesn't the federal government own the "federal navigational servitude," a recognized property interest that is distinct from its regulatory authority? See Boone v. United States, 944 F.2d 1489, 1492 (9th Cir. 1991) (citing Kaiser Aetna v. United States, 444 U.S. 164, 173 (1979)); see also United States v. Rands, 389 U.S. 121, 122 (1967) (for the purposes of navigation, "the navigable waters of the United States . . . are the public property of the nation"). As "Federal property within the boundaries of the recreation area," wasn't this interest "transferred without

consideration to the administrative jurisdiction of the Secretary for the purposes of" establishing the GGNRA? 16 U.S.C. § 460bb-2(a). Therefore, isn't the application of 36 C.F.R. § 2.3(d)(4) to the waters in question justifiable as an action made to "administer . . . the waters, and interests therein acquired for the recreation area"? 16 U.S.C. § 460bb-3(a).

6. On Plaintiff's reading of the statute, what property interest must DOI acquire in the waters before it may regulate them? Plaintiff appears to suggest that DOI must acquire exclusive title to the waters, but since Section 4(a) of the GGNRA Act also refers separately to "interests therein acquired," wouldn't a lesser property interest in the waters also suffice? Are there any examples of a federal agency obtaining title to waters owned in public trust by a state? What is Plaintiff's best argument that Congress contemplated that such a property acquisition would occur after the enactment of the GGNRA Act?

**REGARDING THE BALANCING OF THE EQUITIES/PUBLIC INTEREST**

For Plaintiff:

7. Plaintiff argues that the balance of equities tips sharply in its favor and an injunction would be in the public interest in part because it would have the effect of "having government officials act in accordance with law." Motion 21:1. But Plaintiff has "has chosen to base its motion for a preliminary injunction not on its likelihood of success on the merits of this claim but rather on the basis that there are serious questions raised by this claim." Motion 2:24-26. If the Court addresses the motion on this basis, isn't the regulation a presumably lawful one that the public has a strong interest in seeing enforced? How can Plaintiff's harms "sharply" outweigh this public interest?