STUART G. GROSS (#251019)
sgross@grosskleinlaw.com
RACHEL N. RIVERS (#291283)
rrivers@grosskleinlaw.com
**GROSS & KLEIN LLP**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t (415) 671-4628
f (415) 480-6688

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **SAN FRANCISCO HERRING ASSOCIATION**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF THE INTERIOR**; **SALLY JEWELL**, in her official capacity as Secretary of the Interior; **UNITED STATES NATIONAL PARK SERVICE**; **JONATHAN JARVIS**, in his official capacity as Director of the National Park Service; and **FRANK DEAN**, in his official capacity as General Superintendent of the Golden Gate National Recreation Area,<br><br>Defendants. | Case No.  13-cv-01750-JST<br><br>**PLAINTIFF'S MOTION PURSUANT CIVIL LOCAL RULE 7-11 REQUESTING THAT THE COURT COMPLY WITH THE MANDATE BY DISMISSING WITHOUT PREJUDICE**<br><br>Judge: Jon S. Tigar<br>Courtroom: 9, 19th Floor |

PLAINTIFF'S MOTION PURSUANT CIVIL LOCAL RULE 7-11 REQUESTING THAT THE COURT COMPLY WITH THE MANDATE BY DISMISSING WITHOUT PREJUDICE; Case No. 13-1750-JST

1

**RELIEF REQUESTED**

Plaintiff San Francisco Herring Association ("Plaintiff" or "SFHA"), respectfully requests that the Court comply with the Ninth Circuit's mandate by dismissing the case without prejudice Dkt. 139, issued August 4, 2017 (the "Mandate").

As explained herein, the Mandate instructs the Court to dismiss leaving the decision of whether the dismissal should be with or without prejudice to this Court, subject to the applicable law. As the Ninth Circuit issued its opinion based on a pleading defect that was never raised or addressed below, Plaintiff is entitled to an opportunity to move for leave to cure the defect by filing an amended complaint. Plaintiff respectfully submits that the Court should, therefore, comply with the Mandate's instructions by dismissing without prejudice, subsequent to which Plaintiff will move for leave to file an amended complaint that will cure the pleading defect identified by the Ninth Circuit.

**RELEVANT PROCEDURAL HISTORY**

On April 18, 2013, Plaintiff filed its original complaint in this action, alleging claims that: (a) Defendants United States Department of the Interior ("DOI"), Sally Jewell, National Park Service ("NPS"), Jonathan Jarvis, and Frank Dean (collectively, "Defendants"), by prohibiting commercial fishing in certain waters of the San Francisco Bay (the "Disputed Waters"), were acting in excess of their administrative authority, in violation of 5 U.S.C. § 706(2)(C) (the "Administrative Authority Claim"); (b) Defendants were acting arbitrarily and capriciously in prohibiting commercial fishing in the Disputed Waters, in violation of 5 U.S.C. § 706(2)(A) (the "Arbitrary/Capricious Claim"); and (c) Defendants were estopped from prohibiting commercial fishing in the Disputed Waters (the "Estoppel Claim"). *See* Dkt. 1.

On June 19, 2013, Defendants filed a partial motion to dismiss, seeking only dismissal of Plaintiff's Estoppel Claim, *see* Dkt. 10, at the same time, filing an answer to Plaintiff's other claims, *see* Dkt. 12. Plaintiff filed a statement of non-opposition in response to the motion, Dkt. 14; and, following the Court's order granting the motion, Plaintiff filed a First Amended Complaint ("FAC"), on July 10, 2013, in which the Estoppel Claim was omitted, but which

PLAINTIFF'S MOTION PURSUANT CIVIL LOCAL RULE 7-11 REQUESTING THAT THE COURT COMPLY WITH THE MANDATE BY DISMISSING WITHOUT PREJUDICE; Case No. 13-1750-JST

1

1  otherwise was substantively unchanged from the original complaint, *see* Dkt. 17. On July 18,
2  2013, Defendants answered the FAC. Dkt. 18.

3        The Court issued an order, on August 23, 2013, setting a schedule for cross-motions for
4  summary judgment on Plaintiff's Administrative Authority Claim. Dkt. 27.

5        On September 26, 2013, Defendants moved for summary judgment on Plaintiff's
6  Administrative Authority Claim. Dkt. 31. In the motion, Defendants did not challenge the Court's
7  subject matter jurisdiction, *see id.*; however, in Defendants' reply and opposition to Plaintiff's
8  cross motion for summary judgment, Defendants challenged the Court's subject matter
9  jurisdiction, but only on the basis of the Quiet Title Act, 28 U.S.C. § 2409a, *see* Dkt. 55 at pp. 27-
10 29. Defendants did not challenge the Court's subject matter jurisdiction to hear Plaintiff's
11 Administration Authority Claim or Arbitrary/Capricious Claim, on any other basis—either in that
12 brief or in any other.

13       The Court issued two separate rulings on the parties' cross motion for summary judgment.
14 First, it ruled that it did have subject matter jurisdiction, rejecting Defendants' Quiet Title Act
15 argument (the "Jurisdictional Order"). *See* Dkt. 84. Second, it granted Defendants' motion for
16 summary judgment on the merits, finding that Defendants had the administrative authority to
17 prohibit commercial fishing in the Disputed Waters (the "Merits Order"). *See* Dkt. 127.

18       Plaintiff then filed a timely appeal of the Merits Order to the Ninth Circuit. Dkt. 133.
19 Defendants did not appeal the Jurisdictional Order.

20       The Ninth Circuit issued a Memorandum Opinion that denied Plaintiff's appeal, but
21 without reaching the merits of Plaintiff's challenge to the Merits Order. Rather, it found that this
22 Court lacked subject matter jurisdiction on the ground that Plaintiff did not sufficiently allege a
23 final agency action challenged in the action. Dkt. 139 at p. 2, ¶ 1 (emphasis added). Accordingly,
24 while the Mandate remands the case with instructions to dismiss, it nowhere instructs this Court
25 to dismiss with prejudice. *See id.* at pp. 2 and 5.

Gross & Klein LLP
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

PLAINTIFF'S MOTION PURSUANT CIVIL LOCAL RULE 7-11 REQUESTING THAT THE COURT COMPLY WITH THE MANDATE BY DISMISSING WITHOUT PREJUDICE; Case No. 13-1750-JST

2

# ARGUMENT

**I.    Whether to Dismiss With or Without Prejudice Is Not Dictated by the Mandate**

The Mandate's instruction to this Court "to dismiss," without reference to whether such a dismissal is to be "with prejudice" or "without prejudice," leaves the decision to this Court, whether to dismiss the instant case with prejudice or without prejudice, subject to applicable law.

"According to the rule of mandate, although lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate,' and, under certain circumstances, an order issued after remand may deviate from the mandate if it is not counter to the spirit of the circuit court's decision." *United States v. Kellington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (internal quotations and alterations omitted). In determining whether something has been foreclosed by the mandate "the ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." *id.* at 1093. To borrow from what the Ninth Circuit referred to as the "talismanic language [of] *Sanford Fork*[,] . . . '*whatever was before this court, and disposed of by its decree, is considered as final.*'" *Id.* (quoting with added emphasis, *In re Sanford Fork & Tool Co.* 160 U.S. 247, 255 (1895).

In discussing *Sanford Fork*, the Ninth Circuit further quoted from the portion of the Supreme Court's opinion in which it found that the "lower court [was] free to grant plaintiff leave to amend on remand where case was 'left open by the opinion and mandate of this court, and by the general rules of practice in equity.'" *Id.* (quoting *Sanford Fork*, 160 U.S. at 255).

In *Cassett v. Stewart*, 406 F.3d 614 (9th Cir. 2005), the Ninth Circuit expanded on application of the rule of mandate in the context of a remand with instructions to dismiss that are silent on whether the dismissal should be with or without prejudice. In the first appeal, the Ninth Circuit had remanded with instructions to dismiss for failure to exhaust administrative remedies, but did not indicate whether the dismissal should be with or with our prejudice. *Id.* at 621. The district court subsequently dismissed the case with prejudice, and the plaintiff appealed. *Id*. The Ninth Circuit, in its decision on that latter appeal, held that because the original mandate did not foreclose dismissing the case with prejudice, the district court had the discretion to do so and so it

PLAINTIFF'S MOTION PURSUANT CIVIL LOCAL RULE 7-11 REQUESTING THAT THE COURT COMPLY WITH THE MANDATE BY DISMISSING WITHOUT PREJUDICE; Case No. 13-1750-JST

3

Gross & Klein LLP
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

1   did not *violate the mandate*. *Id*. However, the Ninth Circuit found that the district court's decision

2   to dismiss with prejudice was, independently, legally erroneous and thus remanded the matter

3   back to the district court with explicit instructions to dismiss without prejudice. *Id.* at 622.

4         Here, the Mandate's unqualified instruction to the Court "to dismiss" similarly does not,

5   in any way, foreclose this Court from dismissing *without prejudice* and thereby give Plaintiff the

6   opportunity to cure the pleading defects identified by the Ninth Circuit, nor would doing so

7   violate the spirit of the Mandate. The question whether Plaintiff is *able* to adequately allege a

8   final agency action subject to review under the Administrative Procedures Act was not before the

9   Ninth Circuit and so it was not resolved by its opinion. The only matter resolved by the Ninth

10  Circuit, in this regard, was that Plaintiff's *stated* allegations in the FAC were inadequate in this

11  regard.

12        Indeed, Defendants raised their challenge to the adequacy of Plaintiff's allegations of a

13  final agency action for the first time on appeal. Thus, the first time that Plaintiff was confronted

14  by the pleading defect identified by the Ninth Circuit was in the Mandate, and Plaintiff has had no

15  opportunity yet to attempt to state allegations that would cure this defect. Therefore, whether it is

16  *possible* for Plaintiff to adequately allege a final agency action is a question that has never been

17  addressed and allowing Plaintiff the opportunity to try to do so would violate neither the letter nor

18  the spirit of the Mandate.

19  **II.**    **Plaintiff Requests that the Court Dismiss Without Prejudice and Give Plaintiff an Opportunity to Move for Leave to File an Amended Complaint**

20

21        As was the case in *Cassett*, a decision by this Court to dismiss with prejudice would not

22  violate, but it would be legally erroneous.

23        "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review,

24  that the complaint could not be saved by any amendment." *Mo. ex rel. Koster v. Harris*, 847 F.3d

25  646, 655-56 (9th Cir. 2017)

26        As Plaintiff intends to argue in its motion for leave to file an amended complaint, given

27  the opportunity, Plaintiff will be able to state allegations that cure the pleading defect identified

28  by the Ninth Circuit. However, unless this Court complies with the Mandate by dismissing

PLAINTIFF'S MOTION PURSUANT CIVIL LOCAL RULE 7-11 REQUESTING THAT THE COURT COMPLY WITH THE MANDATE BY DISMISSING WITHOUT PREJUDICE; Case No. 13-1750-JST

4

1  without prejudice, rather than with prejudice, Plaintiff will be denied even the *opportunity to try*
2  to save its complaint.
3        Accordingly, the strong policy in favor of granting leave to amend when justice so
4  requires that underpins rules governing requests for leave to amend and which the Ninth Circuit
5  has held should be "applied with extreme liberality," requires, here, that the Court, at least,
6  provide Plaintiff the opportunity to *request* such leave to amend. *See Eminence Capital, LLC v.*
7  *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted)
8        The Court can (and, respectfully, it should) provide Plaintiff that opportunity by
9  dismissing without prejudice, rather than with prejudice, in compliance with the Mandate.

## CONCLUSION

11        For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss without
12  prejudice, rather than with prejudice, in compliance with the Mandate.

14  Dated: August 11, 2017          GROSS & KLEIN, LLP

16            By:   */S/Stuart G. Gross*
17                Stuart G. Gross

              *Counsel for Plaintiff*
18                *San Francisco Herring Association*

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFF'S MOTION PURSUANT CIVIL LOCAL RULE 7-11 REQUESTING THAT THE COURT COMPLY WITH THE MANDATE BY DISMISSING WITHOUT PREJUDICE; Case No. 13-1750-JST

5