BRIAN STRETCH (CABN 163973)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Tel: (408) 535-5087 / Fax: (408) 535-5081
Email: michael.t.pyle@usdoj.gov

JEFFREY H. WOOD
Acting Assistant Attorney General
BRUCE D. BERNARD (COBN 12166)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1361 / Fax: (303) 844-1350
Email: bruce.bernard@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO HERRING ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; RYAN ZINKE, in his official capacity as Secretary of the Interior; NATIONAL PARK SERVICE; MICHAEL T. REYNOLDS, in his official capacity as Acting Director of the National Park Service; and CICELY MULDOON, in her official capacity as Acting General Superintendent of the Golden Gate National Recreation Area,[1]<br><br>Defendants. | Case No.   13-cv-1750-JST<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION REQUESTING THAT THE COURT COMPLY WITH THE MANDATE BY DISMISSING WITHOUT PREJUDICE**<br><br>Judge: Jon S. Tigar<br>Courtroom: 9. 19th Floor |

---

[1]     Pursuant to Fed. R. Civ. P. 25(d), Ryan Zinke, Michael T. Reynolds, and Cicely Muldoon are substituted for their respective predecessors in office.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION REQUESTING THAT THE COURT COMPLY WITH THE MANDATE BY DISMISSING WITHOUT PREJUDICE – 13-CV-1750 JST

# TABLE OF CONTENTS

I.    Introduction ................................................................................................................... 1

II.   Argument ....................................................................................................................... 2

     A.   Under the Rule of Mandate and consistent with the Court's jurisdictional limits, the Court's order of dismissal should be without prejudice as to the merits, but it should preclude relitigation of the jurisdictional issue decided. ........................................ 2

        1.   This Court is obligated to implement the mandate and judgment as directed by the Ninth Circuit. ................................................................................................ 2

        2.   The Ninth Circuit's direction that the case be dismissed for lack of subject matter jurisdiction is based on its determination that SFHA's challenge to the Park Service's authority over the waters of the GGNRA does not contest any final agency action and this Court is therefore without jurisdiction to relitigate the existence of a final agency action. ....................................................... 4

        3.   The Ninth Circuit determined that SFHA is unable to establish the existence of a final agency action on this record. .............................................................. 8

           a.   The allegations of SFHA's Complaint concerning the final agency action being challenged................................................................................. 9

           b.   Defendants' jurisdictional challenge asserted in the District Court.......... 10

           c.   SFHA's allegations as to final agency action in its Opening Brief on appeal. .................................................................................................... 12

           d.   Defendants' challenge to lack of a final agency action in our Answering Brief.................................................................................... 13

           e.   SFHA's attempt to identify a final agency action in its Reply Brief. ....... 13

           f.   Panel's questions concerning existence of final agency action at oral argument. ............................................................................................... 14

           g.   Ninth Circuit's Memorandum adjudicating the lack of a final agency action...................................................................................................... 16

           h.   SFHA's attempt to save its case by "clarifying" its allegations as to the existence of a final agency action in its Petition for Rehearing.......... 17

        4.   The question of the existence of a final agency action relating to the Park Service's application or enforcement of its commercial fishing prohibition against SFHA's members was adjudicated by the Ninth Circuit and is therefore beyond the jurisdiction of this Court. ................................................... 18

B. An order of dismissal that purports to keep the case open to allow SFHA to file and for the Court to adjudicate a motion for leave to file an amended complaint would be contrary to the Ninth Circuit's ruling that this Court is without jurisdiction over this action and would result in unnecessary and futile litigation. ................................... 20

C. Plaintiff's remedy lies with the filing of a new action challenging the authority of the Park Service over the waters within the GGNRA based on an alleged final agency action by the Park Service subsequent to this action. ........................................... 22

III. Conclusion .............................................................................................................. 24

# **TABLE OF AUTHORITIES**

Cases

Boone v. Kurtz,
  617 F.2d 435 (5th Cir. 1980) ............................................................................... 8, 10

Carrico v. City & County of S.F. ,
  656 F.3d 1002 (9th Cir. 2011) ................................................................................. 22

Davis v. United States,
  No. 11-cv-04316-EDL, 2016 U.S. Dist. LEXIS 170287 (N.D. Cal. Sept. 6, 2016) ........................ 21

GAF Corp. v. United States,
  818 F.2d 901 (D.C. Cir. 1987) .................................................................................. 8

Hall v. City of L.A.,
  697 F.3d 1059 (9th Cir. 2012) .................................................................................. 2

In re Kauffman Mut. Fund Actions,
  479 F.2d 257 (1st Cir. 1973) .................................................................................... 5

Invention Submission Corp. v. Dudas,
  413 F.3d 411 (4th Cir. 2005) .................................................................................... 7

Kokkonen v. Guardian Life Ins. Co. of Am.,
  511 U.S. 375 (1994) ............................................................................................. 4

Magnus Elecs., Inc. v. La. Republica Arg.,
  830 F.2d 1396 (7th Cir. 1987) ................................................................................. 20

Mamigonian v. Biggs,
  710 F.3d 936 (9th Cir. 2013) .................................................................................... 6

Mattel, Inc. v. MGA Entm't, Inc.,
  2013 WL 12122577 (C.D. Cal. Dec. 17, 2013) ................................................................ 21

Matter of Beverly Hills Bancorp,
  752 F.2d 1334 (9th Cir. 1984) ........................................................................ 2, 3, 20, 21

Mo. v. Harris,
  847 F.3d 646 (9th Cir. 2017) ................................................................................. 5, 22

N. Ga. Elec. Membership Corp. v. City of Calhoun,
  989 F.2d 429 (11th Cir. 1993) .................................................................................. 8

Newman-Green, Inc. v. Alfonzo-Larrain,
    490 U.S. 826 (1989) ..................................................................................................... 19

Nguyen v. United States,
    792 F.2d 1500 (9th Cir. 1986) ........................................................................................ 3

O'Keeffe's, Inc. v. U.S. Consumer Prod. Safety Comm'n,
    92 F.3d 940 (9th Cir. 1996) .......................................................................................... 23

Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Homestake Mining Co.,
    722 F.2d 1407 (8th Cir. 1983) ........................................................................................ 8

Orff v. United States,
    358 F.3d 1137 (9th Cir. 2004) ........................................................................................ 6

Rattlesnake Coal. v. U.S. EPA,
    509 F.3d 1095 (9th Cir. 2007) ........................................................................................ 4

Samish Indian Nation v. U.S. Dep't of Interior,
    No. CO2-1955P., 2004 WL 3753251, at *3 (W.D. Wash. Feb. 6, 2004).......................... 6

United States v. Kellington,
    217 F.3d 1084 (9th Cir. 2000) ........................................................................... 3, 5, 6, 18

United States v. Mitchell,
    445 U.S. 535 (1980) ........................................................................................................ 4

Walther v. United States,
    No. 3:15-cv-0032-HRH, 2015 WL 11978686, at *4 (D. Alaska Aug. 4, 2015) ............... 6

Fed. R. Civ. P. 15(b)(2) ......................................................................................................... 19

Statutes

5 U.S.C. § 49 .......................................................................................................................... 5

5 U.S.C. § 553(e) .................................................................................................................. 24

5 U.S.C. § 554 (2012) ........................................................................................................... 24

5 U.S.C. § 704 (2012) ............................................................................................................. 4

5 U.S.C. § 553(e) (2012) ....................................................................................................... 23

28 U.S.C. § 4 (2012) ............................................................................................................. 11

28 U.S.C. § 8 (2012) ............................................................................................................. 12

28 U.S.C. § 1653 (2012) ....................................................................................................... 19

28 U.S.C. § 2401(a) (2012) .............................................................................................. 11, 12

Regulations

36 C.F.R. pt. 1 .................................................................................................. 14

36 C.F.R. pt. 3 .................................................................................................. 17

36 C.F.R. pt. 5 .................................................................................................. 17

36 C.F.R. pt. 12 ................................................................................................ 13

36 C.F.R. pt. 13 ................................................................................................ 13

36 C.F.R. pt. 15 ................................................................................................ 14

36 C.F.R. pt. 22 ........................................................................................... 14, 17

36 C.F.R. pt. 25 ................................................................................................ 13

36 C.F.R. § 2.3(d)(4) ............................................................................ 11, 12, 13, 23

## I.     Introduction

Defendants respond to Plaintiff's Motion Requesting that the Court Comply with the Mandate by Dismissing Without Prejudice, ECF No. 140 (Motion), filed herein by Plaintiff San Francisco Herring Association (Plaintiff or SFHA) as follows. Defendants do not oppose dismissal of this action without prejudice, so long as that dismissal is understood to be without prejudice as to the merits claim, but to preclude SFHA from seeking to relitigate the jurisdictional issue decided. However, Defendants oppose SFHA's request that the Court's order of dismissal keep the case open to allow SFHA to file a motion for leave to file an amended complaint for three primary reasons.

First, the Ninth Circuit determined that this Court lacks subject matter jurisdiction and ordered the Court to vacate its judgment on the merits and dismiss the action, and the District Court is obliged to follow the mandate issued by the Ninth Circuit. In fact, the Court lacks jurisdiction to do anything but grant dismissal. Although this will result in a dismissal based on jurisdictional grounds, and will preclude SFHA from seeking further relief in this case, it will not foreclose a new action by SFHA challenging the Park Service's authority over the waters of the Golden Gate National Recreation Area (GGNRA)—if it can establish a final agency action based on subsequent factual developments (and overcome defenses to that new action).

Second, in addition to the rule confirming the force and effect of the mandate, the Ninth Circuit fully adjudicated the final agency action question and any amendment of SFHA's complaint would be futile. The Court presented SFHA with every opportunity to establish the existence of a final agency action that would provide the basis for jurisdiction for Administrative Procedure Act (APA) review and SFHA was unable to cite to any such action. After reviewing SFHA's opening and reply briefs, hearing SFHA's explanation at oral argument, and considering SFHA's petition for rehearing, the Ninth Circuit remained unpersuaded that there was any final agency action.

Third, contrary to SFHA's assertion, the Ninth Circuit's decision was not based on a "pleading defect" but rather the full adjudication of whether there was a reviewable final agency action. The Court's determination that this Court is without subject matter jurisdiction is not due to SFHA's inartful or incomplete pleading—it is based on the absence of any final agency action by the Park Service that would provide jurisdiction for the Court to review whether the Park Service has authority over the waters of the GGNRA. This issue was fully litigated and is not a curable pleading defect. In sum, the Ninth Circuit has ruled that this Court is without jurisdiction over this action, and the Court does not have the prerogative to do anything other than enter its order of dismissal.

**II.    Argument**

    **A.    Under the Rule of Mandate and consistent with the Court's jurisdictional limits, the Court's order of dismissal should be without prejudice as to the merits, but it should preclude relitigation of the jurisdictional issue decided.**

        **1.    This Court is obligated to implement the mandate and judgment as directed by the Ninth Circuit.**

This Court's determination as to whether to enter an order of dismissal with or without prejudice is bound by the so-called "rule of mandate." *Hall v. City of L.A.*, 697 F.3d 1059, 1067 (9th Cir. 2012). This rule holds that upon receiving a mandate from an appellate court, a district court "cannot vary or examine that mandate for any purpose other than executing it." *Id.* The district court is limited whenever "the scope of the remand is clear." *Id.* Conversely, the rule of mandate "allows a lower court to decide anything not foreclosed by the mandate." *Id. See also Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1337 (9th Cir. 1984) ("On remand, a trial court may not deviate from the mandate of an appellate court.").

As explained by the Ninth Circuit in *Bancorp*, "[w]hen a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Id.* (citations omitted). *Bancorp* further

instructs that "The Supreme Court long ago emphasized that when acting under an appellate court's mandate, an inferior court 'cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided upon appeal; or intermeddle with it, further than to settle so much as had been rendered.'" *Id.*, quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895).

The Ninth Circuit has further explained, again by quotation from *Sanford* that, "in addition to the mandate itself, '[t]he opinion by [sic]this court at the time of rendering its decree may be consulted to ascertain what was intended by its mandate . . . .'" *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000), quoting *Sanford* 160 U.S. at 256. This principle that issues adjudicated by the appellate court's opinion must not be revisited by the trial court applies to any issue "impliedly disposed of on appeal," as well as issues expressly resolved. *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986), quoting *Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1435 (9th Cir. 1984).

Here, the mandate, issued after the Ninth Circuit's July 12, 2017 order denying SFHA's petition for rehearing, simply states that the Circuit's March 17, 2017 judgment takes effect as of the July 20, 2017 date of the mandate. ECF No. 141. The Circuit's March 2017 judgment provides that "[T]he judgment of the district court is **VACATED**, and the case is **REMANDED** with instructions to **DISMISS** for lack of subject matter jurisdiction." Mem. at 5, ECF No. 136 (Memo). As discussed below, these plain and unambiguous instructions obligated this Court upon receipt of the mandate to dismiss this action upon remand and do nothing further. In fact, the Court is without jurisdiction to do anything further. The determination as to the precise nature of that dismissal and its preclusive effect on potential future actions turns on the scope of the issues disposed of on appeal.

**2. The Ninth Circuit's direction that the case be dismissed for lack of subject matter jurisdiction is based on its determination that SFHA's challenge to the Park Service's authority over the waters of the GGNRA does not contest any final agency action and this Court is therefore without jurisdiction to relitigate the existence of a final agency action.**

The Ninth Circuit's opinion noted that, under the APA, SFHA was required to establish that it was challenging some final agency action in order for subject matter jurisdiction to lie. Memo at 2. This fundamental requirement derives from the United States' sovereign immunity. A federal court may not adjudicate a claim against a federal agency unless the United States has waived its sovereign immunity from suit for that claim. *United States v. Mitchell*, 445 U.S. 535, 538 (1980), *cited in Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1103 (9th Cir. 2007). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). As this Court noted at an early stage in this case: "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Order Regarding Subject Matter Jurisdiction at 5, ECF No. 84, quoting *Rattlesnake Coal.*, 509 F.3d at 1102 n.1.

SFHA alleged jurisdiction pursuant to the APA—which waives the United States' sovereign immunity and provides jurisdiction only for "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." Memo at 2, quoting 5 U.S.C. § 704. Because SFHA did not challenge any action "made reviewable by statute," the Ninth Circuit concluded that SFHA was required to establish that it was challenging a final agency action for subject matter jurisdiction to exist. *Id.* The Circuit reviewed the various actions of the Park Service—alleged as final agency actions by SFHA—and determined that none of those actions constituted a final agency action. Memo at 2–5. The Ninth Circuit therefore concluded that "The district court lacked subject matter jurisdiction over the SFHA's complaint . . . because the SFHA has not identified any final agency

action over which we have jurisdiction," and remanded the case with instructions to dismiss for lack of subject matter jurisdiction. Memo at 2, 4, 5.

While the Federal Rules of Civil Procedure and case law indicate that a dismissal for lack of subject matter jurisdiction is normally without prejudice as to the merits,[2] that principle does not apply to matters actually adjudicated, including the issue of jurisdiction that led to the dismissal. It is logical that the merits claim would not be foreclosed where plaintiff failed to establish the court's jurisdiction to adjudicate the claim. As the Ninth Circuit stated, "The theory undergirding the general rule is that 'the merits have not been considered' before dismissal." *Koster*, 847 F.3d at 656, quoting *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). However, where the appellate court has fully adjudicated the question of whether there is any final agency action that would provide jurisdiction under the APA, that issue is beyond the jurisdiction of the lower court. *See, e.g., Kellington*, 217 F.3d at 1093 (In determining whether an action is foreclosed by the mandate, "the ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not.") (quoting *Sanford* 160 U.S. at 256). The usual meaning of the phrase "without prejudice" is "without prejudice as to the substantive cause of action . . . [but] with prejudice on the issue . . . 'which was litigated in the prior action.'" *In Re Kauffman Mut. Fund Actions*, 479 F.2d 257, 267 (1st Cir. 1973), (quoting Restatement 9 First) of Judgments § 49 cmt. b, (Am. Law Inst. 1942)), *cert denied*, 414 U.S. 857 (1973). *See also Walther v. United States*, No. 3:15-cv-0032-HRH, 2015 WL 11978686 at *4 (D. Alaska Aug. 2015) (court dismissed claim with prejudice for lack of final agency action and subject matter jurisdiction because plaintiff would not be able to state a cause of action to

---

[2] *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise," dismissal for lack of jurisdiction does not operate as an adjudication on the merits.). *See also Mo. Ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice."), citing *Kelly v. Fleetwood Enters, Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court.") (internal quotation marks and ellipsis omitted)).

establish its APA claim, and rejected plaintiff's request for leave to amend complaint because any amendment "would be futile for lack of subject matter jurisdiction"); *Samish Indian Nation v. U.S. Dep't of Interior*, No. CO2-1955P., 2004 WL 3753251, at \*3 (W.D. Wash. Feb. 6, 2004) (court dismissed case with prejudice for lack of final agency action and subject matter jurisdiction where challenged action did not constitute a final agency action and no judicial review under the APA was permissible).

Here, this threshold question of whether SFHA could meet its burden of identifying a final agency action that would provide jurisdiction under the APA based on available facts. As the Ninth Circuit has instructed: When a case has once been [sic] decided by this court on appeal, and remanded to the circuit court, *whatever was before this court, and disposed of by its decree*, is considered as finally settled.'" *Kellington*, 217 F.3d at 1093 (quoting *Sanford* 160 U.S. at 256 (emphasis added)). As described below, this question of whether the Park Service's actions involved a reviewable final agency action was a primary focus of SFHA's reply brief and the exclusive subject of its petition for rehearing filed with the Circuit. That question was also the chief focus of the Panel's questions to both sides at oral argument. And, as further established herein, the Ninth Circuit's review was not limited to the allegations of SFHA's complaint—it was focused on determining whether SFHA could identify <u>any</u> final agency action on this record that had occurred within the APA's six-year statute of limitations.

The Ninth Circuit's mandate and judgment expressly requires this Court to dismiss the case. Under the rule of mandate, this Court does not have the latitude to do anything other than dismiss the case. *See Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013) ("Subject matter jurisdiction must exist as of the time the action is commenced.") (quoting *Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988)). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004) (internal quotation omitted) (quoting *Morongo Band*, 858 F.2d. at 1380). *See also Invention Submission Corp. v. Dudas*, 413 F.3d 411, 415 (4th Cir. 2005) ("Because our order stated

that the district court lacked [subject-matter] jurisdiction, the court was not free to do anything but to dismiss the case."); *See also Mattel, Inc. v. MGA Entm't, Inc.*, No. SACV 04-9049-DOC(RNBx), 2013 WL 12122577, at \*5 (C.D. Cal. Dec. 17, 2013) (Even where Court of Appeals had ordered the case to be dismissed "without prejudice," district court denied request to amend pleadings, holding that allowing amendment would "completely abandon the one clear directive of the Ninth Circuit (a *dismissed claim*)." (citing *Bancorp*). The Ninth Circuit has ruled that this Court is without jurisdiction over this action, and the Court is without authority to do anything other than enter its order of dismissal. The Court lacks jurisdiction to adjudicate a motion for leave to file an amended complaint, and its order of dismissal should make clear that it will not do so.

The Ninth Circuit's mandate and judgment further requires that this Court's order of dismissal preclude relitigation of the jurisdictional issue decided. As discussed, review of the proceedings that led to the Ninth Circuit's decision reveals that the question of whether there was any final agency action that would provide the Court with jurisdiction to address SFHA's claim was fully litigated. The absence of a final agency action related to the Park Service's assertion of authority over the waters of the GGNRA through the 2012/13 herring fishing season is not a curable defect, and this Court's dismissal must therefore preclude SFHA from seeking to relitigate that issue.

In addition to the rule of mandate and law of the case doctrines dictating that relitigation of the jurisdictional question is foreclosed, the principle of collateral estoppel would bar a claim seeking to relitigate that issue. The Ninth Circuit has fully adjudicated the issue of whether there was any final agency action by the Park Service concerning its assertion of authority over the waters of the GGNRA based on facts available to SFHA in this action, including the Park Service's actions related to the commercial fishing prohibition in those waters through the 2012/13 herring fishing season, and SFHA would be collaterally estopped from relitigating the issue. *See N. Ga. Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432–33 (11th Cir.1993) (dismissal of prior suit for lack of subject matter

jurisdiction bars relitigation of jurisdictional question); *GAF Corp. v. United States*, 818 F.2d 901, 912–13 (D.C.Cir.1987) (judgment ordering dismissal for lack of jurisdiction will preclude relitigation of precise issue of jurisdiction that led to initial dismissal); *Oglala Sioux Tribe v. Homestake Mining Co.*, 722 F.2d 1407, 1411–13 (8th Cir.1983) (dismissal of suit for lack of federal subject matter jurisdiction precludes relitigation of the same issue of subject matter jurisdiction in second federal suit on same claim); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (per curiam) ("dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, [but] does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims").

For this additional reason, and to avoid unnecessary and futile relitigation over the existence of a final agency action concerning the Park Service's assertion of authority over the waters of the waters of the GGNRA based on facts available to SFHA in this action, this Court's order of dismissal should make clear that it precludes relitigation of the jurisdictional issue decided.

### 3. The Ninth Circuit determined that SFHA is unable to establish the existence of a final agency action on this record.

SFHA bases its request that it be given the opportunity to file a motion for leave to file an amended complaint entirely on its contention that the Ninth Circuit confined its review to whether the "*stated* allegations" of SFHA's amended complaint identified a final agency action—and that the Circuit did not consider the question of whether "Plaintiff is *able* to adequately allege a final agency action." Motion at 4. SFHA misstates the scope of the review the Ninth Circuit carried out and the basis of the Circuit's ruling. The Circuit's ruling not based on SFHA's infirm pleading—it was based on SFHA's inability to identify any reviewable final agency action in response to Defendants' challenge to jurisdiction in fact. The Circuit determined that SFHA's claim was factually deficient, *i.e.*, that there was no final agency action that would provide jurisdiction for the Court to review whether the Park

Service has authority over the waters of the GGNRA.  SFHA's inability to identify a final agency action on this record is not curable by re-alleging the claim.

### a. The allegations of SFHA's Complaint concerning the final agency action being challenged.

SFHA's First Amended Complaint includes numerous allegations concerning actions of the Park Service, including allegations that the Park Service had taken actions to enforce its prohibition of commercial fishing against SFHA members that prevented them from fishing within the GGNRA during the 2011/12 and 2012/13 seasons.  1st Am. Compl. ¶¶ 1, 3, 5, 6, 20, 34, 35, 44, 45, 47, 48, 49, 51, 52, 53, 54, 58, 61, 63, 64, 68, 69, 70, 73, 74, 75, 76, ECF No. 17 (Complaint).  Among the many contentions, SFHA's Complaint includes broad allegations as to the Park Service's actions against SFHA's members that SFHA asserted constituted a final agency action:

> Defendants' decision to prohibit commercial fishing in the waters abutting the shoreline of the GGNRA constitutes a final agency action.  Defendants have declared their intent to enforce this prohibition in two letters to commercial fishermen on DOI/NPS letterhead and during meetings and conversations with SFHA representatives, and the NPS has actively enforced this prohibition by patrolling the waters of [sic] abutting the shoreline of the GGNRA and associated shorelines during periods in which herring spawns occurred in such areas with the purpose and effect of preventing SFHA members and other commercial fishermen from harvesting herring from the waters.

Complaint ¶ 54.

> Defendants' action in prohibiting commercial fishing in the waters abutting the shoreline of the GGNRA constitutes final agency action because it is the consummation of the agency's decision-making process, is not merely tentative or interlocutory in nature, and is an action by which the rights and/or obligations of SFHA's members have been determined.

Complaint ¶¶ 63, 75.

The "two letters" referred to in paragraph 54 of the Complaint were notices sent to the California Department of Fish and Wildlife in November 2011 and November 2012 to be included in the permit packages to be sent to the members of SFHA (Park Service Notices).  Complaint ¶ 34, Ex. 1; ¶ 48, Ex. 5.

Paragraph 63 of the Complaint did not specify the particular action to which it was referring. *See Id.* ¶¶ 56–63.

**b.    Defendants' jurisdictional challenge asserted in the District Court.**

SFHA complains that the "pleading defect" that it posits as the basis for the Ninth Circuit's dismissal was never raised or addressed in proceedings before this Court. Motion at 1, 4. While the issue is obscured by the procedural posture in which it arose, [3] Defendants raised questions concerning identification of the specific agency action that SFHA was challenging from an early stage in this proceeding. In our Motion for Summary Judgment, we noted that, under the Court's scheduling order, our motion was limited to that question, and that we reserved "the right to seek dismissal of the action if SFHA failed to meet its burden of establishing . . . subject matter jurisdiction, including an appropriate waiver of the United States' sovereign immunity and compliance with the applicable statute of limitations." Defs.' Mot. For Summ. J. at 1 n.1, ECF No. 31.[4]

---

[3]    This Court's Minute Entry concerning the August 21, 2013 case management conference essentially bifurcated the case and ordered that the initial phase of the litigation would be focused on resolving the "issue of jurisdiction" and that the other issues would be left for later decision. ECF No. 25. The parties' Joint Statement About Schedule for Cross-Motions for Summary Judgment more completely defined that "issue of jurisdiction" as "Plaintiff's cause of action alleging a violation of 5 U.S.C. § 706(2)(C) (court shall 'hold unlawful and set aside agency action, findings and conclusions found to be' . . . 'in excess of statutory jurisdiction, authority, or limitations, or short of statutory right')." ECF No. 26 at 2. The Court then incorporated the parties' agreed-upon schedule for filing and resolving cross-summary judgment motions on this issue of whether the Park Service had the statutory authority to prohibit commercial fishing in the waters of the GGNRA. Order Re: Schedule for Cross-Mots for Summ. J., ECF No. 27.

[4]    That footnote states in full:

Under the Court's Order Re: Schedule for Cross-Motions for Summary Judgment (Doc. No. 27), this motion is limited to the issue of the NPS's jurisdiction. Defendants reserve the right to seek dismissal of this action if Plaintiff fails to meet its burden of establishing standing and subject matter jurisdiction, including an appropriate waiver of the United States' sovereign immunity and compliance with the applicable statute of limitations. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (plaintiff bears the burden of demonstrating that it has standing); *Block v. North Dakota*, 461 U.S. 273, 286-87 (1983) (Quiet Title Act is exclusive means by which adverse claimant may challenge United States' title to real property); *Thomas v. McCombe,* 99 F.3d 352, 353 (9th Cir. 1996) (plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction).

After SFHA filed its opposition to Defendants' motion / cross-motion for summary judgment, it became apparent to Defendants that SFHA's suit was essentially a challenge to the Park Service's 1983 regulation prohibiting commercial fishing within all National Park Units, including the GGNRA, and was therefore time-barred by the six year statute of limitations applicable to APA actions. Defs.' Reply in Supp. of Defs.' Mot. for Summ. J. and Opp'n to Pl.'s Cross-Mot. for Summ. J. at 2–5, ECF No. 55 (citing 28 U.S.C. §2401(a)).[5] We further asserted that, even if construed as an as-applied challenge to the regulation, SFHA's action was barred because the Park Service had repeatedly asserted its authority over the waters within the boundaries of the GGNRA, including the applicability of the prohibition of commercial fishing, well before the six years prior to SFHA's filing of its Complaint. *Id.* at 4–5.[6]

Our opposition was based on SFHA's challenge to the Park Service's assertion of authority in the Notices (sent in November 2011 and November 2012). *Id.*; Complaint ¶ 34, Ex. 1; ¶ 48, Ex. 5; ¶ 54. We also noted Plaintiff's references to "enforcement" in 2011 were vague, as the Park Service had never issued any citations for violating the prohibition of commercial fishing within GGNRA under 36 C.F.R. § 2.3(d)(4) (in that year or any other year) and had sent similar notices for many years prior to 2011. ECF No. 55 at 21–22 n.5. It appears that this Court also viewed SFHA's claim as a challenge to the Park Service's assertion of authority to enforce its commercial fishing prohibition in the Notices themselves. *See* Additional Notice Regarding Dec. 12, 2013 Hr'g ¶ 1, ECF No. 67 ("the Court

---

[5] SFHA's representation in its Motion that Defendants challenged the Court's subject matter jurisdiction, "but only on the basis of the Quiet Title Act," is incorrect. *See* Motion at 2.

[6] As we noted in oral argument before the Ninth Circuit, this statute of limitations contention, while not directly a challenge to SFHA's ability to identify a final agency action, presented this closely related issue. Transcript at 14: 14–22. So, while the precise question whether SFHA was challenging any final agency action was not directly raised in this Court, the closely related question of whether SFHA was challenging any action that was not time-barred was presented. And, of course, Defendants squarely raised SFHA's failure to identify a final agency action in our Answering Brief filed in the Ninth Circuit, and SFHA had the full opportunity to respond—and did respond—in those appellate proceedings. Answering Brief at 1–3, 24–37.

understands Plaintiff to argue that a new limitations period accrues every time a United States official articulates the ban on commercial fishing to a member of the [SFHA]").

In ruling on the statute of limitations issue, this Court noted that the more recent Ninth Circuit cases held that the six-year statute of limitations applicable to suits under the APA (28 U.S.C. §2401(a)) is not jurisdictional and that, "if parties agree to seek partial summary judgment and to reserve consideration of the statute of limitations until a later date, Section 2401(a)'s requirements do not deprive the Court of jurisdiction to rule on that motion." ECF No. 84 at 6–8. The Court therefore concluded that it "need not address Defendants' statute of limitations defense before considering the parties' motions for partial summary judgment on the issue of NPS's statutory authority." *Id.* at 8. The Court ultimately ruled on the merits, holding that the Park Service has the "statutory authority to apply 36 C.F.R. § 2.3(d)(4) within the waters" of the GGNRA. Order Granting Defs.' Mot. for Summ. J. at 11–12, ECF No. 127. SFHA appealed, and this remand with directions to dismiss for lack of subject matter jurisdiction followed.

### c. SFHA's allegations as to final agency action in its Opening Brief on appeal.

In its Opening Brief, SFHA stated that in late 2011 Defendants announced that they would prohibit fishing in the waters of the GGNRA and subsequently prevented SFHA's members from harvesting herring from those waters. Pl-Appellant's Opening Br. at 2, No. 15-16214 (9th Cir. Jan. 7, 2016), ECF No. 19 (Opening Brief). SFHA cited declarations by several of its members, which had been filed with Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Cross-Motion for Summary Judgment, ECF No. 37, stating that they were prevented by the Park Service from commercial fishing for herring within the waters of GGNRA. Opening Brief at 7, citing ECF Nos. 52– 44 (ER 74, 76, 78–79, 81, 87, 91–92, 94). None of the declarations identified any specific action of the Park Service beyond the allegations of the Complaint, other than to claim that 2011 was the first year

that they were prevented from fishing within the boundaries of GGNRA. *See e.g.*, Decl. of Salvatore Papetti in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Cross-Mot. for Summ. J. ¶ 4, ECF No. 54 (ER 78–79).

### d. Defendants' challenge to lack of a final agency action in our Answering Brief.

In our Answering Brief, we asserted that the Court was without subject matter jurisdiction because SFHA was not challenging any final agency action. Answering Br. for the Fed. Defs.-Appellees at 1–3, 24–37, No. 15-16214 (9th Cir. May 15, 2016), ECF No. 28 (Answering Brief). In particular, we argued that the Park Service Notices sent out in November 2011 and 2012 did not constitute final agency actions and, even under SFHA's assertion of an "as-applied" challenge, no final agency action had been taken concerning application of the commercial fishing prohibition against SFHA's members in the waters of the GGNRA. *Id.* at 25–37.

### e. SFHA's attempt to identify a final agency action in its Reply Brief.

SFHA then devoted fully half of its Reply Brief attempting to identify a final agency action that would provide jurisdiction. Appellant's Reply Br. at 1–2, 12–24, No. 15-16214 (9th Cir. June 29, 2016), ECF No. 35 (Reply). In its Reply, SFHA stated that it was not challenging the promulgation of 36 C.F.R. § 2.3(d)(4) in 1983, but rather, the Park Service's "application of the regulation to SFHA members in the waters abutting the GGNRA as in excess of statutory authority." *Id.* at 12–13. SFHA further clarified that it was not challenging the Park Service Notices, but instead the Park Service's "actual *ultra vires* enforcement of the regulation against SFHA members that began later that season," arguing that "the application of the regulation is subject to challenge as a final agency action under the APA." *Id.* at 13. SFHA argued that the Park Service's enforcement of the commercial fishing prohibition "against SFHA members . . .—physically preventing SFHA members from fishing the restricted waters and making them subject to penalties for doing so—constitutes a reviewable final

agency action" under the APA. *Id.* at 1. SFHA alleged that the Park Service's enforcement of the prohibition "obligated SFHA members to cease fishing in the contested waters or otherwise risk citation, arrest, and prosecution," and placed them at risk of losing their California Department of Fish and Wildlife permits to fish in California waters. *Id.* at 15. SFHA acknowledged that the Park Service has issued no citations for any violations of the commercial fishing prohibition in the GGNRA. *Id.* at 22.

### f. Panel's questions concerning existence of final agency action at oral argument.

This question of the existence of any final agency action that would provide jurisdiction for APA review was the central focus of oral argument before the Ninth Circuit Panel. *See* Transcript of Oral Argument, *S.F. Herring Ass'n v. U.S. Dep't of Interior*, No. 15-16214 (9th Cir. Mar. 13, 2017) (Transcript), Attach. 1; Recording for Case No. 15-16214, http://www.ca9.uscourts.gov/media/.[7] Counsel for Defendants was directly asked at the beginning of argument to identify the final agency action that SFHA was challenging.

> JUDGE GOULD: Counsel, Judge Gould, if I could ask this. What, what is the final agency action that your client is challenging?
>
> MR. GREGORIAN: Certainly. The final agency action that the client is challenging is the actual exclusion from the waters at issue during the fishing season in 2011.

Transcript at 7:10–16.

The Panel extended its colloquy, pressing counsel to identify any final agency action that would give the Court APA jurisdiction:

> JUDGE WARDLAW: Did they take any action against your clients? Like did they actually say they were -- and what did they actually do other than just heighten enforcement?

---

[7] *See Chapman v. Pier 1 Imports, Inc.*, No. CIV. S-04-1339 LKK/DAD, 2011 WL 1047430, at *5–6 (E.D. Cal. Mar. 18, 2011) (Where mandate and opinion lacks clarity as to whether Ninth Circuit found plaintiff's complaint to be facially deficient, and therefore curable, or determined the matter based on the evidence, such that the failure was not curable and the dismissal intended to be with prejudice, it is appropriate for the court to review the oral argument for guidance as to how it should interpret the opinion.).

MR. GREGORIAN: Right. So, so there was a physical restriction that prevented them from entering the waters. They were told they could not enter the waters to fish there.

JUDGE WARDLAW: And how is that final agency action?

MR. GREGORIAN: Well so, Your Honor, under the statute an agency action includes a sanction.

JUDGE WARDLAW: And what was the sanction?

MR. GREGORIAN: And a sanction is defined in the statute as the whole or part of an agency prohibition requirement limitation or other condition affecting the freedom of a person in Part A, or C, the imposition of a penalty or fine –

JUDGE WARDLAW: But the enforcement wasn't the prohibition. The regulation was the prohibition and that was 1983.

MR. GREGORIAN: So there was no, there was no, there was no understanding on the part of any of these plaintiffs that that regulation would be applied to –

JUDGE WARDLAW: How is that relevant to whether or not we have jurisdiction?

MR. GREGORIAN: Because, because, Your Honor, it is a facial -- it is not a facial challenge to the regulation itself.

JUDGE WARDLAW: But why is how they interpret how the statute applies final agency action that provides us with jurisdiction under the APA?

MR. GREGORIAN: I'm sorry. I didn't quite –

JUDGE WARDLAW: You're saying that they didn't understand that the regulation that covers national parks actually applied to this territory.

MR. GREGORIAN: Sure.

JUDGE WARDLAW: But it's not like it was newly applied. It's like it always applied.

MR. GREGORIAN: Right. And so that was perhaps a poor choice of words.

JUDGE WARDLAW: That was probably distracting, your being handed that note just now. So why don't we, why don't you answer my question and then we'll get to the note, okay?

MR. GREGORIAN: Sure. The regulation, the enactment of the regulation did not cause any injury to the plaintiffs. It was not until the regulation was enforced –

JUDGE WARDLAW: But I'm not talking about Article III standing, right? We're talking about jurisdiction for APA review.

MR. GREGORIAN: So I would refer the Court to the California sea urchin case authored by Judge Gould, which is on all fours with, with this case. It can't be the regulation itself that causes the injury and starts the statute running.

JUDGE GOULD: But in that, in that California sea urchin case did we have an issue of finality, of final agency action? Because I don't recall that.

MR. GREGORIAN: I, I think the, I -- well, so the -- no. The, it was not conceded -- it was not contended that the termination of the sea otter program in that case was not a final agency action. It was contended that the statute of limitations began running from –

JUDGE GOULD: So that, that issue wasn't really presented in that case. While I appreciate your citing an opinion that I authored favorably, I don't quite understand how it answers the question here.

MR. GREGORIAN: So, and I think the problem is I skipped straight to the statute of limitations issue and I need to squarely address final agency action. And final agency action here is the, that the plaintiffs are challenging, is the enforcement and Wind River and Herr v. Forest Service of the Sixth Circuit make that clear, that there's a challenge to be had there. You can challenge the application of a regulation to yourself as in excess of agency authority within six years of that application.

I think, I think the Herr v. Forest Service case puts it, puts it squarely is it's hard to think that a plaintiff wouldn't be able to challenge the government authority to put them in jail for violating a regulation because they didn't challenge the regulation on the date of enactment.

Transcript at 8:19–12:16.

### g. Ninth Circuit's Memorandum adjudicating the lack of a final agency action.

The Ninth Circuit was not swayed by SFHA's attempts to identify a final agency action at argument. The Ninth Circuit's March 2017 ruling explains that SFHA "does not directly challenge the regulation enacted in 1983 prohibiting fishing in national parks," and instead "challenges what it views as the National Park Service's decision to enforce the regulation against SFHA members, embodied in the Service's allegedly heightened patrol of the waters of the [GGNRA] in recent years." Memo at 2. The Circuit noted that:

> The SFHA is somewhat vague in describing the final agency action that it challenges. In its opening brief, it appears to describe both the informational notices sent by the Service and the Service's increased patrols of the GGNRA as final agency action. However, in its reply brief, the SFHA states that it "does not challenge the [2011] notice; it challenges [the Service's] actual *ultra vires* enforcement of the regulation against SFHA members that began later that season." We construe this to mean that the SFHA is challenging the patrols, not the notices.

*Id.* 2 n.1.

The Ninth Circuit then evaluated SFHA's assertions of the Park Service's various enforcement activities against SFHA's members that SFHA argued constituted final agency action. The Circuit determined that the Service's patrols of the GGNRA—"whatever practical effects those patrols may have on SFHA's members' activities"—do not constitute final agency action. *Id.* at 3. The Circuit further rejected SFHA's argument that the Service's enforcement activity constituted final agency action because it "require[d] an immediate and significant change in the plaintiffs' conduct of their affairs with serious penalties attached to noncompliance." *Id.* at 5 (quoting *Abbott Labs v. Gardner*, 387 U.S. 136, 153 (1967)). The Circuit pointed out that SFHA confused the issue of whether an agency action is final with that of whether a case is ripe for judicial review and concluded that, because SFHA does not challenge a final agency action, the Circuit did not need to consider the ripeness question. *Id.* Based on SFHA's inability to identify any final agency action concerning the Park Service's enforcement of its prohibition against commercial fishing in the waters of the GGNRA, the Ninth Circuit ordered remand for dismissal for lack of subject matter jurisdiction. *Id.*

### h. SFHA's attempt to save its case by "clarifying" its allegations as to the existence of a final agency action in its Petition for Rehearing.

After the Ninth Circuit's March 2017 ruling, in an effort to save its case, SFHA filed its Petition for Panel Rehearing and/or Rehearing En Banc asserting that the Circuit had misapprehended SFHA's challenge and overlooked "material" points and portions of the record establishing that SFHA was challenging a final agency action. Pl.-Appellant's Pet. for Panel Reh'g &/or Reh'g En Banc, No. 15-

16214 at 1–6 (9th Cir. June 14, 2017), ECF No. 61 (Petition). Specifically, SFHA asserted that the Circuit failed to comprehend that, rather than challenging the Park Service's decision to enforce the regulation against SFHA members as reflected by the Park Service's heightened patrols of the waters of the GGNRA, SFHA was challenging the Park Service's "*actual enforcement*" of the regulation "*against Plaintiff's members*" by physically restricting their access to the waters. Petition at 3–4, 6. SFHA did not offer any additional evidence of a final agency action by the Park Service, and merely repeated citations to its Complaint and two declarations by one of its members that SFHA had previously filed with the Court and cited in its briefs to the Panel. Petition at 2, 5 citing ER 50–55 ¶¶ 9, 11; FER 25–28, ¶¶ 2, 10; ER 320 ¶¶ 5–6; ER 330 ¶ 49; ER 331 ¶ 54; ER 333 ¶ 63; ER 336 ¶¶ 73–75; ER 374.

The Ninth Circuit, apparently concluding that it had considered all material points, denied SFHA's petition.

> **4.      The question of the existence of a final agency action relating to the Park Service's application or enforcement of its commercial fishing prohibition against SFHA's members was adjudicated by the Ninth Circuit and is therefore beyond the jurisdiction of this Court.**

The Ninth Circuit has made clear that when an issue has been fully adjudicated by the appellate court, it is beyond the jurisdiction of the district court to relitigate the matter. *See Kellington*, 217 F.3d at 1093. Here, the Ninth Circuit provided SFHA every opportunity to identify a final agency action that would provide jurisdiction under the APA. SFHA failed at every turn. SFHA's complaint that it has not had an opportunity to identify the final agency action since the issue was raised by Defendants' Answering Brief (*see* Motion at 1, 4) rings hollow in view of the fact that SFHA had: (1) a month and a half from receipt of the Answering Brief to the filing of its Reply—half of which was devoted to arguing its position on final agency action; (2) ten months from receipt of the Answering Brief to its presentation at oral argument; and (3) thirteen months from receipt of the Answering Brief to the filing of its Petition

for Reconsideration (including three months from service of the Ninth Circuit's judgment to the filing of its Petition for Reconsideration). *See* Answering Brief; Reply; Petition; Transcript.

If the problem had been one of defective pleading of jurisdiction as SFHA asserts, SFHA could have requested the Ninth Circuit to allow it amend its Complaint to encompass the final agency action it intended to challenge. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 831 (1989) (section 1653 "addresses only incorrect statements about jurisdiction that actually exist, and not defects in the jurisdictional facts themselves"), *reh'g denied* 492 U.S. 932, (1989). Alternatively, SFHA could have requested the Ninth Circuit to alter its order of remand to include instructions that this Court allow SFHA to amend its Complaint pursuant to 28 U.S.C. § 1653 or Fed. R. Civ. P. 15(b)(2) to conform it to the allegations it intended to plead concerning the final agency action being challenged. However, SFHA was unable to point to anything in the record establishing that it was challenging such an action.

The Ninth Circuit's decision was not based on a facially deficient complaint that can be cured by re-stating the claims. The Circuit determined that SFHA's claim was factually deficient and therefore incurable on this record. The evidence in the Administrative Record and the allegations of the declarations filed by SFHA are all there is to support SFHA's challenge to the Park Service's alleged actions during the 2011/12 and 2012/13 seasons. SFHA's failure to identify a final agency action is incurable on this record, and the Circuit's instruction to dismiss must be taken as direction to dismiss for lack of subject matter jurisdiction following full litigation of that issue.

The question of the existence of final agency action has been fully adjudicated by the Ninth Circuit. Under the rule of mandate, this Court must therefore fulfill the purpose and intent of the Ninth Circuit's mandate and judgment directing dismissal for lack of subject matter jurisdiction by entering an

order of dismissal that makes clear that plaintiffs are foreclosed from relitigating the jurisdictional issue decided.

**B.**  **An order of dismissal that purports to keep the case open to allow SFHA to file and for the Court to adjudicate a motion for leave to file an amended complaint would be contrary to the Ninth Circuit's ruling that this Court is without jurisdiction over this action and would result in unnecessary and futile litigation.**

SFHA's requests that it be given further "*opportunity to try* to save its complaint." *See* Motion at 5 (emphasis in original).  Entry of an order of dismissal that purports to keep the case open to allow SFHA to file and for the Court to adjudicate a motion for leave to file an amended complaint would be contrary to the Ninth Circuit's mandate and judgment that this Court is without jurisdiction over this action.  Moreover, even if the Court had jurisdiction, leaving the case open to resolve such a motion would also result in unnecessary litigation to the prejudice of Defendants and unwarranted diversion of resources by Defendants and this Court (and potentially the Ninth Circuit).  Under the Ninth Circuit's decision, such a motion for leave to amend would be futile and contrary to the Circuit's mandate and judgment, which was issued after the parties had fully litigated the question of final agency action.

As described in *Bancorp*, the general rule that leave to amend should be freely granted should not be extended when amendment is sought after the claim has been fully litigated on the merits through appeal." *Bancorp*, 752 F.2d at 1338.  In *Bancorp*, the Ninth Circuit held that the district court had violated the rule of mandate by allowing amendment, "particularly in light of our denial of the . . . petition for rehearing or clarification." *Id.* at 1337.  "Under [the system] established by the Federal Rules of Civil Procedure which permits liberal amendment of pleadings, it does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements." *Magnus Elecs., Inc. v. La Republica Arg.*, 830 F.2d 1396, 1401 (7th Cir.1987).  Indeed, at least one court in the Ninth Circuit has determined that it lacked discretion to grant

leave to amend, even where the Ninth Circuit's mandate vacated the judgment and ordered dismissal without prejudice. *Mattel*, 2013 WL 12122577 at *5. In *Mattel*, since the Court of Appeals had ordered the case to be dismissed "without prejudice," the plaintiff argued that it should be allowed to amend its pleadings. The district court disagreed, holding that allowing amendment would "completely abandon the one clear directive of the Ninth Circuit (a *dismissed claim*)." *Id.* (citing *Bancorp*).

Here, the Ninth Circuit evaluated all of SFHA's allegations concerning the actions of the Park Service as identified in SFHA's Complaint, in its Opening and Reply Briefs on appeal, as presented at oral argument, and as further argued in SFHA's Petition for Rehearing, and determined that none of the actions identified by SFHA constituted a final agency action. As discussed, the Circuit's direction that this Court dismiss for lack of subject matter jurisdiction constitutes a factual dismissal, rather than a facial dismissal based on a pleading defect as alleged by SFHA in its Motion. Providing SFHA the opportunity to re-characterize its factual allegations and claims based on the same body of evidence—or evidence that was available to, but not presented by, SFHA throughout this action—would violate the intent of the Circuit's mandate and judgment. *See Bancorp*, 752 F.2d at 1338 ("even if our mandate . . . [was] ambiguous[,] . . . [p]ermitting amendment in this case would not enhance finality, but instead would encourage seriatim judgments in the same basic dispute. . . ."). *See also Davis v. United States*, No. 11-cv-04316-EDL, 2016 U.S. Dist. LEXIS 170287, at *37 (N.D. Cal. Sept. 6, 2016) ("The midnight hour may be appropriate for some things, but not for amendment of the complaint here, more than four years and eleven months after it was originally filed, after summary judgment was granted and following an appeal").

Moreover, even if it would not violate the mandate or exceed the Court's jurisdiction to consider a motion to amend, under the Ninth Circuit's decision, which was issued after the parties fully litigated the question of final agency action, such a motion for leave to amend would be futile. As the Ninth Circuit recently explained, a denial of a motion for leave to amend is proper where it is "clear . . . that

the complaint could not be saved by any amendment." *Koster*, 847 F.3d at 655–56, quoting *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). "[A] district court does not err in denying leave to amend where the amendment would be futile." *Id.* at 656, quoting *Thinket*, 368 F.3d at 1061 (internal quotation marks omitted). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id.*, quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). *See also Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("Moreover, [plaintiffs] do not, in their post-argument submissions, propose any specific allegations that might rectify their failure to identify any arguably prohibited speech or conduct in which they would otherwise engage. We take that as a demonstration of their inability (or, perhaps, unwillingness) to make the necessary amendment. Accordingly, we deny leave to amend as futile.").

SFHA's request that the Court's order of dismissal leave the case open to resolve a motion for leave to file an amended complaint is contrary to the Ninth Circuit's mandate and judgment determining that the Court is without jurisdiction over this action and must therefore be dismissed. A motion to amend would also be futile under the Ninth Circuit's decision. The Court should reject SFHA's request and fulfill the mandate by bringing this matter to a close.

### C. Plaintiff's remedy lies with the filing of a new action challenging the authority of the Park Service over the waters within the GGNRA based on an alleged final agency action by the Park Service subsequent to this action.

The Ninth Circuit's decision on the jurisdictional issue precludes SFHA from refiling claims challenging the Park Service's alleged application or enforcement of the prohibition of commercial fishing within the boundaries of the GGNRA based on facts available to SFHA in this action. The Circuit's adjudication of that jurisdictional issue does not foreclose SFHA's ability to file a new action based on an alleged final agency action by the Park Service concerning its assertion of authority over the

waters within the boundary of the GGNRA subsequent to this action or that occurs at any time in the future (subject of course to further jurisdictional, res judicata and collateral estoppel defenses).

During oral argument, counsel for SFHA registered his concern that the Panel's decision on final agency action might require SFHA's members to get arrested and risk fines before they could challenge the Park Service's application of its commercial fishing prohibition in the waters of the GGNRA. Transcript at 27:21–28:2. Judge Gould, however, pointed out that SFHA also had the option of filing a petition seeking an amendment of the regulation so that it did not apply to the GGNRA:

> JUDGE GOULD: Counsel, what about filing a petition? That's what the government said that -- you could file a petition and get a ruling from the agency declining your request to clarify favorably to the Association.

> MR. GREGORIAN: Sure. And I don't think we're foreclosed from that, Your Honor, but I don't think we need to because there has been a physical closure and a physical restriction from our members entering the waters, and that is a restriction on the control, on the movement of an individual and meets the terms of a final agency action under the statute.

Transcript at 28:3–14.

The Ninth Circuit's opinion pointed out that SFHA has not pursued the remedy of filing a petition with the Park Service requesting an amendment of the regulation prohibiting commercial fishing within units of the National Park System (36 C.F.R. § 2.3(d)(4)), specifying that it did apply to the GGNRA—and, if unsatisfied with the outcome, filing an action for judicial review of the agencies' final action on the petition. Memo at 4 (citing 5 U.S.C. § 553(e)) (Agencies "shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule."); *O'Keefe's, Inc. v. U.S. Consumer Prod. Safety Comm'n*, 92 F.3d 940, 942 (9th Cir. 1996) (reviewing agency's denial of petition brought under Section 553(e) as "final agency action" pursuant to Section 706(2)(A)).

In its Petition for Rehearing, SFHA complains that the Ninth Circuit's suggestion that it has the option of filing such a petition is misguided because "there is no dispute here that the 1983 regulation prohibiting fishing throughout the park system is valid." Petition at 7. SFHA somehow overlooks the

language of Section 553(e) stating that interested persons have the right to petition for the "amendment, or repeal of a rule." The Circuit was clearly referring to the potential for SFHA to request that this valid 1983 regulation be repealed or amended to provide that it did not apply in the GGNRA—an option the Circuit correctly noted is available to SFHA. In incorrectly asserting that because the regulation is valid, SFHA and its members "only" have the option of requesting the Park Service to "issue a declaratory order to terminate a controversy or remove uncertainty" pursuant to 5 U.S.C. § 554, SFHA suggests yet another potential remedy (although one that SFHA's Petition indicates it is not keen on pursuing because the Park Service is not mandated by the legislature to respond to this type of a petition) (Petition at 7).

If SFHA elects to pursue one of these remedies through judicial review, it can do so by filing a new action based on new facts accruing after its appeal that SFHA asserts are sufficient to establish subject matter jurisdiction. But as established above, the Ninth Circuit intended that its instructions to dismiss would bring this action to a close and not allow any further litigation of the jurisdictional issue that the Ninth Circuit has already squarely decided.

**III.     Conclusion**

The Ninth Circuit has fully adjudicated the question of whether, on this record, the Park Service's assertion of its authority over the waters of the GGNRA, based on facts available to SFHA in this action, including the Park Service's actions to apply its commercial fishing prohibition in those waters through the 2012/13 herring fishing season, involves a reviewable final agency action. The absence of any such final agency action is not a curable pleading defect, and this Court should fulfill the purpose and intent of the Ninth Circuit's mandate and judgment by entering an order of dismissal for lack of subject matter jurisdiction that is without prejudice as to the merits claim, but that precludes relitigation of the jurisdictional issue decided, and that makes clear that the Court is without jurisdiction to and will not adjudicate a motion for leave to file an amended complaint.

Dated: August 25, 2017                    Respectfully submitted,


                              By: */s/ Bruce D. Bernard*
                                  Bruce D. Bernard
                                  BRUCE D. BERNARD
                                  bruce.bernard@usdoj.gov
                                  U.S. DEPARTMENT OF JUSTICE
                                  ENVIRONMENT AND NATURAL
                                  RESOURCES DIVISION
                                  999 18th Street, South Terrace, Suite 370
                                  Denver, CO 80202
                                  Telephone: (303) 844-1361
                                  Facsimile: (303) 844-1350

                                  MICHAEL T. PYLE (CSB No. 172954)
                                  michael.t.pyle@usdoj.gov
                                  U.S. DEPARTMENT OF JUSTICE
                                  UNITED STATES ATTORNEY'S OFFICE
                                  150 Almaden Boulevard, Suite 900
                                  San Jose, California 95113
                                  Telephone: (408) 535-5087
                                  Facsimile: (408) 535-5081

                                  *Counsel for Defendants*