UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO HERRING ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | Case No. 13-cv-01750-JST<br><br>**ORDER GRANTING LEAVE TO FILE MOTION FOR LEAVE TO AMEND**<br><br>Re: ECF No. 140 |

Before the Court is Plaintiff's motion requesting dismissal without prejudice and leave to file a motion for leave to amend. ECF No. 140. The Court will grant Plaintiff's motion.

I.  **BACKGROUND**

Plaintiff San Francisco Herring Association ("Plaintiff" or "SFHA") appealed this Court's order granting Defendants' motion for summary judgment, ECF No. 127.[1] On March 17, 2017, the United States Court of Appeals for the Ninth Circuit issued a memorandum opinion concluding that this Court "lacked subject matter jurisdiction over the SFHA's complaint" because Plaintiff failed to "establish that it is challenging some final agency action." ECF No. 136 at 2-4. The court also held that it "need not consider the doctrine of exhaustion, because the SFHA has not identified any final agency action over which we have jurisdiction," id. at 4, and further concluded that, "[b]ecause the SFHA does not challenge a final agency action, we need not

---

[1] Defendants are the United States Department of the Interior; Ryan Zinke, in his official capacity as Secretary of the Interior; National Park Service; Michael T. Reynolds, in his official capacity as Acting Director of the National Park Service; and Cicely Muldoon, in her official capacity as Acting General Superintendent of the Golden Gate National Recreation Area. Secretary Zinke, Acting Director Reynolds, and Acting General Superintendent Muldoon are substituted for their respective predecessors in office pursuant to Federal Rule of Civil Procedure 25(d).

consider whether the case is ripe," id. at 5. The court remanded the case "with instructions to **DISMISS** for lack of subject matter jurisdiction." Id. On July 12, 2017, the Ninth Circuit denied Plaintiff's petition for panel rehearing and petition for panel rehearing en banc, ECF No. 139, and the mandate issued on July 20, 2017, ECF No. 141.

Plaintiff filed an administrative motion requesting that the Court dismiss this case without prejudice and allow Plaintiff an opportunity to move for leave to amend the complaint. ECF No. 140. The Court specially set a briefing schedule because, "[a]lthough Plaintiff characterized the filing as an administrative motion under Local Rule 7-11, the motion requests substantive relief." ECF No. 143. Defendants filed a timely opposition, ECF No. 144, and Plaintiff filed a timely reply, ECF No. 145.

## II. LEGAL STANDARD

When a case is remanded by the appellate court, the district court must "execute the terms of a mandate" but is "free as to anything not foreclosed by the mandate, and, under certain circumstances, an order issued after remand may deviate from the mandate if it is not counter to the spirit of the circuit court's decision." United States v. Kellington, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (internal citations, quotation marks, and alterations omitted). "[I]n construing a mandate, the lower court may consider the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises. . . . [T]he ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." Id. at 1093 (citing In re Sanford Fork & Tool, 160 U.S. 247, 266 (1895)).

## III. DISCUSSION

The Ninth Circuit remanded this case with instructions to dismiss for lack of subject matter jurisdiction but was silent as to whether dismissal should be with or without leave to amend. The opinion includes a statement that this Court "lacked subject matter jurisdiction *over the SFHA's complaint*," ECF No. 136 at 2 (emphasis added), but it elsewhere states that, "the SFHA has not identified any final agency action over which we have jurisdiction," id. at 4, and "the SFHA does not challenge a final agency action," id. at 5. Defendants argue that these latter statements,

2

combined with the quantity of briefing on appeal and discussion at oral argument about whether Plaintiff was challenging a final agency action, demonstrate that "[t]he Circuit determined that SFHA's claim was factually deficient and therefore incurable on this record." ECF No. 144 at 25. But Defendants point to nothing in the record demonstrating that the Ninth Circuit considered whether Plaintiff *could* allege facts constituting a final agency action, as opposed to whether Plaintiff actually *did* allege such facts.

Likewise, the record does not establish that Plaintiff presented to the Ninth Circuit the question of whether leave to amend should be granted. Matter of Beverly Hills Bancorp, 752 F.2d 1334 (9th Cir. 1984), on which Defendants rely, is therefore distinguishable. In that case, the Ninth Circuit remanded with instructions for the district court "to remand the case to the bankruptcy court for the purpose of determining the proper interpretation of 'interest earned'" as used in the settlement agreement. Id. at 1336. "Bancorp's Trustee petitioned [the Ninth Circuit] for rehearing or in the alternative for clarification of the opinion to advise the bankruptcy court to allow the Trustee to amend his pleadings to assert mutual mistake or fraud in the drafting of the term 'interest earned' in the Settlement Agreement." Id. The court denied that petition. Id. The Trustee nonetheless sought and was granted leave to amend by the bankruptcy court. Id. The Ninth Circuit found error in the bankruptcy court's decision because it was inconsistent with the mandate, "particularly in light of our denial of the Trustee's petition for rehearing or clarification." Id. at 1337-38. Here, by contrast, Plaintiff's petition for rehearing asserted that its complaint alleged a final agency action, and Plaintiff at no time requested leave to amend or remand with instructions to grant leave to amend. 9th Cir. Case No. 15-16214, ECF No. 61 at 3-6.

Accordingly, this Court cannot say that the propriety of granting leave to amend was "decided on appeal." Kellington, 217 F.3d at 1093. Plaintiff might well be unable to allege sufficient facts giving rise to subject matter jurisdiction, but the Court will give Plaintiff an opportunity to make its case by proposing specific amendments to the complaint in a motion for leave to amend. Defendants remain free to argue in opposition to Plaintiff's motion that the proposed amendments are foreclosed on the merits by the Ninth Circuit's opinion or that leave to amend is otherwise futile.

**CONCLUSION**

Pursuant to the Ninth Circuit's instruction, this case is dismissed for lack of subject matter jurisdiction. Dismissal is without prejudice to Plaintiff's filing a motion for leave to amend. Any such motion must be filed on or before November 21, 2017 at 5:00 p.m. If Plaintiff does not file a timely motion, the Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 25, 2017

JON S. TIGAR
United States District Judge