UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO HERRING ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | Case No. 13-cv-01750-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 147 |

Before the Court is Plaintiff's motion for leave to file a Second Amended Complaint ("SAC"). ECF No. 147. Defendants oppose the motion. ECF No. 151. The Court will deny the motion.

## I. BACKGROUND

Plaintiff, San Francisco Herring Association (SFHA), "is a California non-profit, unincorporated association whose memberships consists of active San Francisco Bay commercial herring fisherman and buyers." ECF No. 147 at 28. Plaintiffs argue that Defendants[1] unlawfully denied fisherman access to fishing grounds abutting the shoreline of the Golden Gate National Recreation Area. ECF No. 17 at 2.

SFHA initially filed suit on April 18, 2013. ECF No. 1. On July 10, 2013, Plaintiff filed

---

[1] Defendants are the United States Department of the Interior; Ryan Zinke, in his official capacity as Secretary of the Interior; National Park Service ("NPS"); Michael T. Reynolds, in his official capacity as Acting Director of the National Park Service; and Laura Joss, in her official capacity as General Superintendent of the Golden Gate National Recreation Area. Secretary Zinke, Acting Director Reynolds, and General Superintendent Joss are substituted for their respective predecessors in office pursuant to Federal Rule of Civil Procedure 25(d).

its First Amended Complaint ("FAC"). ECF No. 17. On April 29, 2014, this Court issued an order granting Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment. ECF No. 127. On March 17, 2017, the United States Court of Appeals for the Ninth Circuit issued an order vacating this Court's judgment and remanding with instructions to dismiss. The Ninth Circuit held that this Court "lacked subject matter jurisdiction over the SFHA's complaint" because Plaintiff failed to "establish that it is challenging some final agency action." ECF No. 136 at 2-4. The Administrative Procedure Act ("APA") only provides jurisdiction for "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." Id. at 2 (quoting 5 U.S.C. § 704). The Ninth Circuit also held that it "need not consider the doctrine of exhaustion, because the SFHA has not identified any final agency action over which we have jurisdiction," id. at 4, and further concluded that, "[b]ecause the SFHA does not challenge a final agency action, we need not consider whether the case is ripe," id. at 5. On July 12, 2017, the Ninth Circuit denied Plaintiff's petition for panel rehearing and petition for panel rehearing en banc, ECF No. 139, and the mandate issued on July 20, 2017, ECF No. 141.

On October 25, 2017, this Court granted Plaintiff's motion requesting dismissal without prejudice and leave to file a motion for leave to amend. ECF No. 146.

## II. REQUEST FOR JUDICAL NOTICE

SFHA requests that the Court take judicial notice of the complaint and the First Amended Complaint filed by plaintiff-intervenor the State of Alaska in Sturgeon v. Maisca, et al., No. 3:11-cv-00183-HRH (D. Alaska). ECF Nos. 147-1; 152-1. Defendants also request that the Court take judicial notice of several documents from the Sturgeon litigation as well as the cover page and text of the United States District Court for the District of Alaska's Local Rule 16.3. ECF No. 151-1.

The Court will take judicial notice of all of these documents. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (internal citation omitted) ("a court may take judicial notice of matters of public record). However, the Court will not take notice of any disputed facts in the documents. Id. at 689-90.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended his complaint. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013). The rule is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [or] futility of amendment, etc.'" Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

### IV. DISCUSSION

SFHA argue that the SAC cures the jurisdictional deficiencies in two ways. First, SFHA argues that the SAC "alleges in detail the specific actions that Defendants and their agents took to enforce 36 C.F.R. § 2.3(d)(4) in the Waters at Issue against particular members of SFHA." ECF No. 147 at 6. SFHA contends that these allegations constitute a final agency action sufficient to subject Defendants to judicial review. Id. Second, the "SAC adds claims, under the Declaratory Judgment Act ("DJA"), alleging that Defendants' enforcement of 36 C.F.R. § 2.3(d)(4) in the Waters at Issue violates the Enabling Act." ECF No. 147 at 6. Defendants argue that the SAC fails to cure the jurisdictional defect and that the claims under the DJA fail as a matter of law. ECF No. 151 at 7-8.

The Court finds that amendment would be futile because it will not cure the jurisdictional deficiencies identified by the Ninth Circuit and there is strong evidence that the additional claims under the Declaratory Judgment Act are unduly delayed

#### A. The SAC Does Not Cure the Jurisdictional Deficiencies Under the APA

SFHA contends that the SAC cures jurisdictional deficiencies under the APA because it

includes "specific instances where SFHA members were individually ordered out of the Waters at Issue by the NPS rangers and CDFW wardens acting at Defendants' direction and on their behalf." ECF No. 147 at 13. The Court recognizes that the SAC includes more detailed allegations regarding specific enforcement activities. See ECF No. 147 at 36-37. However, SFHA does not adequately explain how these allegations constitute a final agency action whereas the allegations in the FAC do not. SFHA seizes on the Ninth Circuit's use of the term "patrols."[2] SFHA appears to argue that the previous complaint only alleged that the National Park Service patrolled the waters—which was not an agency action—while the new complaint provides additional details about the actual interactions between the NPS rangers and its members. ECF No. 147 at 13. SFHA argues that these actions by Defendants and their agents constitute final agency actions under Sackett v. EPA, 566 U.S. 120, 126 (2012). Id. at 14 (internal citations omitted).

However, "the instances where SFHA members were individually ordered out of the Waters at Issue by the NPS rangers and CDFW wardens acting at Defendants' direction and on their behalf" are not new allegations that this Court should analyze as potential final agency actions. ECF No. 147. These interactions between NPS rangers and SFHA members were included in the FAC, albeit with somewhat less detail.[3] They were also acknowledged in oral argument.[4] And, most importantly, the Ninth Circuit acknowledged these interactions in its memorandum disposition. See ECF No. 136. The Ninth Circuit stated that that SFHA challenged the "actual *ultra vires* enforcement of the regulation against SFHA members that began later that

---

[2] The Ninth Circuit seems to use "patrols" to distinguish the National Park Service's actions in the waters at issue from any informational notices that were sent by the Service. See ECF No. 136 at 2.

[3] In the FAC, SFHA alleged that "Defendants have prevented fisherman from harvesting herring. . . ." ECF No. 17 ¶ 1. SFHA also alleged that "during the 2011/12 season, fisherman, including members of the SFHA, were prevented from harvesting herring that spawned in the waters abutting the shoreline of the Yellow Bluff area of the GGNRA. . . ." Id. ¶ 45. And, SFHA alleged that the NPS "actively enforced this prohibition by patrolling the waters of [sic] abutting the shorelines of the GGNRA...with the purpose and effect of preventing SFHA members and other commercial fisherman from harvesting herring from the waters." Id. ¶ 54.

[4] See ECF No. 151 at 30 ("In 2011 the Park Service prevented boats from entering key spawning area next to the Golden Gate National Recreation Area); 33 ("The final agency action that the client is challenging is the actual exclusion from the waters as issue during the fishing season in 2011); 35 ("[T]here was a physical restriction that prevented them from entering the waters. They were told they could not enter the waters to fish there.")

4

season" under the FAC. ECF No. 136 at 2. The Ninth Circuit also acknowledged that under the FAC, the SFHA challenged "the National Park Service's decision to enforce the regulation against SFHA members." Id.

The Ninth Circuit found that the allegations of interactions between NPS agents and SFHA members were not sufficient to meet the requirements for final agency action. ECF No. 136 at 3. Adding additional details about how the NPS specifically patrolled the waters to prevent SFHA members from harvesting herring does not overcome the jurisdictional defect identified by the Ninth Circuit. Therefore, the proposed amendment would be futile. See United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995), as amended on denial of reh'g (June 2, 1995) (internal citation omitted) ("The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.").

**B.      There Is Strong Evidence That The DJA Claims Are Unduly Delayed**

"Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Sanders v. Energy Nw., 812 F.3d 1193, 1198 (9th Cir. 2016) (quoting Royal Ins. Co. of Am. v. Sw. Marine, 194 F.3d 1009, 1016–17 (9th Cir.1999).

In the SAC, Plaintiffs add claims under the Declaratory Judgment Act, "alleging that Defendants' enforcement of 36 C.F.R. § 2.3(d)(4) in the Waters at Issue violates the Enabling Act." ECF No. 147 at 6.[5] Plaintiffs filed the FAC on July 10, 2013. The allegations supporting the additional claims occurred on or before July 10, 2013. The Court finds strong evidence of undue delay because SFHA knew about the underlying facts and theories before July 10, 2013. See Royal Ins. Co. of Am., 194 F.3d at 1016–17. SFHA has not provided adequate justification for why it could not have brought these additional claims in the original complaint or FAC. SFHA's prior opportunity to amend also weighs against granting leave to amend. See Allen v.

---

[5] Defendants argue that the proposed Declaratory Judgment claims are not causes of action. ECF No. 151 at 19. SFHA argues that the Court has subject matter jurisdiction over the DJA claims because they "arise directly under…the Privileges and Immunities Clause of the Fourteenth Amendment and the GGNRA Enabling Act." ECF No. 152 at 13. The Court takes no position on whether these claims are valid as a matter of law.

5

City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

## CONCLUSION

The Court finds the proposed amendment would be futile because it will not cure the jurisdictional defects identified by the Ninth Circuit. Further, there is strong evidence that the additional claims under the Declaratory Judgment Act are unduly delayed. Finally, SFHA has previously amended the complaint. Given these factors, the Court denies the motion for leave to file a second amended complaint.

**IT IS SO ORDERED.**

Dated: February 15, 2018

JON S. TIGAR
United States District Judge