DAVID L. ANDERSON
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95115
Tel: (408) 535-5087 / Fax: (408) 535-5081
Email: michael.t.pyle@usdoj.gov

PRERAK SHAH
Deputy Assistant Attorney General
DAVID W. GEHLERT
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1386 / Fax: (303) 844-1350
Email: david.gehlert@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN FRANCISCO HERRING ASSOCIATION,<br><br>         Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, in his official capacity as Secretary of the Interior; UNITED STATES NATIONAL PARK SERVICE; DAVID VELA, in his official capacity as Deputy Director of the National Park Service; and LAURA JOSS, in her official capacity as General Superintendent of the Golden Gate National Recreation Area,<br><br>         Defendants. | Case No.   13-cv-1750-JST<br><br>DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT |

Defendants United States Department of the Interior (DOI); David Bernhardt, Secretary of the Interior; National Park Service ("NPS"); David Vela, Deputy Director of the NPS; and Laura Joss, General Superintendent of the Golden Gate National Recreation Area (GGNRA or Park) (collectively, Defendants), by and through their counsel, hereby answer and assert defenses to each numbered paragraph of Plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief filed March 6, 2020 (Complaint). The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1. The allegations in the first sentence of Paragraph 1 constitute Plaintiff's characterization of this action to which no response is required; to the extent a response is required, the allegations are denied. The allegations in second sentence of Paragraph 1 are vague and ambiguous; therefore Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and, on that basis, deny the allegations except to admit that the waters of San Francisco Bay are navigable.

2. The allegations in Paragraph 2 constitute Plaintiff's characterization of this action to which no response is required; to the extent a response is required the content of the Complaint speaks for itself and is the best evidence of its contents and any allegation contrary to the document's plain language or meaning is denied.

3. The allegations in Paragraph 3 constitute legal assertions to which no response is required; to the extent a response in required, Defendants deny the allegations.

4. The allegations in the Paragraph 4 constitute legal assertions to which no response is required; to the extent a response in required, Defendants deny the allegations except to admit that Congress established the GGNRA in 1972 as set forth in 16 U.S.C. §§ 460bb et seq., and that this act is sometimes referred to as the Park's enabling legislation.

5. The allegations in the first sentence of Paragraph 5 are denied. The allegations in the second sentence constitute legal assertions to which no response is required; to the extent a response in required, Defendants deny the allegations.

6. The allegations in Paragraph 6 are denied except to admit that 36 C.F.R. § 2.3(d)(4) was one of many regulations promulgated by the NPS in 1983.

7. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7, and, on that basis, deny the allegations.

8. The allegations in Paragraph 8 are vague and ambiguous; therefore Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and, on that basis, deny the allegations.

9. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 except to admit that the NPS sent a notice dated November 2011 (NPS November 2011 Notice) that was to be included in the information that California Department of Fish and Wildlife (CDFW; formerly the California Department of Fish and Game) provided to commercial herring fisherman.  The allegations of the second sentence address the content of the NPS November 2011 Notice which speaks for itself and provides the best evidence of its contents; any allegations contrary to the document's plain language or meaning are denied.  The allegations in the third sentence of paragraph 9 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

10. The allegations in Paragraph 10 are denied.

11. The allegations in Paragraph 11 are denied.

12. The allegations in Paragraph 12 are vague and ambiguous; therefore Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and, on that basis, deny the allegations.

13. The allegations in Paragraph 13 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

14. The allegations in Paragraph 14 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

15. The allegations in Paragraph 15 are denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and, on that basis, deny the allegations.

17. The allegations in Paragraph 17 are denied.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and, on that basis, deny the allegations.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and, on that basis, deny the allegations.

20. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20, and, on that basis, deny the allegations.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and, on that basis, deny the allegations.

22. Defendants admit that Congress established GGNRA in 1972 as set forth in 16 U.S.C. §§ 460bb et seq., that this act is sometimes referred to as the Park's enabling legislation and that some lands within the Park were formerly administered by the military. Except as so expressly admitted, Defendants deny the allegations of the first and second sentences of Paragraph 22. The allegations in the third sentence of Paragraph 22 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 22 purport to characterize 16 U.S.C. § 460bb-3, a document that speaks for itself and provides the best evidence of its contents; to the extent a response is required Defendants deny the allegations except to admit that the language quoted in the fourth sentence of Paragraph 22 is found in 16 U.S.C. § 460bb-3, but without the emphasis.

23. The allegations in Paragraph 23 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

25. The allegations in Paragraph 25 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

26. The allegations in Paragraph 26 are Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, Defendants deny the allegations.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

27.   The allegations in Paragraph 27 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

28.   The allegations in Paragraph 28 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

29.   The allegations in Paragraph 29 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

30.   The allegations in Paragraph 30 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

31.   The allegations in Paragraph 31 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

32.   The allegations in Paragraph 32 constitute legal assertions to which no response is required; to the extent a response is required, Defendants admit that venue lies in this judicial district.

33.   The allegations in Paragraph 33 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations, except to admit that GGNRA is located within the Counties of Marin, San Francisco, and San Mateo, California.

**PARTIES**

**I.   Plaintiff**

34.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and, on that basis, deny the allegations.

35.   The allegations in Paragraph 35 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

**II.   Defendants**

36.   Defendants admit that the DOI is within the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 701(b).  The remaining allegations in Paragraph 36 constitute legal assertions to which no response is required; to the

1 extent a response is required, the allegations are denied except to admit that that the NPS is a
2 bureau of the DOI and administers the National Park System.
3 37. Defendants admit that David Bernhardt is the United States Secretary of the Interior, an
4 agency within the executive branch of the United States, and named in his official capacity.
5 38. Defendants admit the NPS is within the executive branch of the United States
6 government, but aver that the NPS is a bureau of the DOI. Defendants admit the NPS
7 administers all of the units of the National Park System, including GGNRA.
8 39. Defendants admit that David Vela is the Deputy Director exercising the authority of the
9 Director of the NPS and named in his official capacity.
10 40. Defendants admit that Laura Joss is the General Superintendent of GGNRA, which is a
11 unit of the National Park System, and named in her official capacity.
12 41. The allegations in Paragraph 41 constitute legal assertions to which no response is
13 required; to the extent a response is required, Defendants deny the allegations.

## FACTUAL ALLEGATIONS

15 42. Defendants are without knowledge or information sufficient to form a belief as to the
16 truth or falsity of the allegations in Paragraph 42, and, on that basis, deny the allegations.
17 43. Defendants are without knowledge or information sufficient to form a belief as to the
18 truth or falsity of the allegations in Paragraph 43, and, on that basis, deny the allegations.
19 44. Defendants are without knowledge or information sufficient to form a belief as to the
20 truth or falsity of the allegations in Paragraph 44, and, on that basis, deny the allegations.
21 45. The allegations in Paragraph 45 are denied.
22 46. The allegations in Paragraph 46 are denied.
23 47. Defendants are without knowledge or information sufficient to form a belief as to the
24 truth or falsity of the allegations in Paragraph 47, and, on that basis, deny the allegations, except
25 to admit that in December of 1997, representatives of the NPS, including Mr. O'Neil, met with
26 representatives of the CDFW, including Mr. Henry, and others.
27 48. Defendants lack sufficient information or knowledge to form a belief as to the truth of the
28 allegations in Paragraph 48, and, on that basis deny the allegations.

49. The allegations in Paragraph 49 are denied except to admit that the NPS sent a notice dated November 2011 that was to be included in the information that California Department of Fish and Wildlife (CDFW; formerly the California Department of Fish and Game) provided to commercial herring fisherman and to aver that the NPS November 2011 Notice speaks for itself and provides the best evidence of its contents and deny any allegation contrary to the document's plain language or meaning. Defendants admit that the document attached to the Complaint as Exhibit 1 is a true and correct copy of the NPS November 2011 Notice.

50. The allegations in Paragraph 50 purport to characterize the NPS November 2011 Notice, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

51. The allegations in Paragraph 51 purport to characterize the NPS November 2011 Notice, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

52. The allegations in Paragraph 52 purport to characterize the NPS November 2011 Notice, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

53. The allegations in Paragraph 53 purport to characterize the NPS November 2011 Notice, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

54. The allegations of Paragraph 54 are admitted.

55. The allegations in Paragraph 55 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

56. The allegations in Paragraph 56 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations except to admit that Exhibit 4 is a true and correct copy of AN ACT TO REPEAL CHAPTER 81 OF THE STATUTES OF 1897…, Stat. 1953 Ch. 521.

58. The allegations in Paragraph 58 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations except to admit that the grant made by the California legislature through the 1897 Act was revocable under certain circumstances.

59. The allegations in Paragraph 59 are denied.

60. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 60, and, on that basis deny the allegations except to admit that the NPS received a letter dated October 12, 2012 signed by Stuart G. Gross, Attorney-at-Law.

61. The allegations in Paragraph 61 are denied except to admit that representatives of Plaintiff and representatives of the NPS met in the fall of 2012.

62. Defendants admit that the NPS sent a notice dated November 14, 2012 (NPS November 2012 Notice), to the CDFW to be included in the packet sent to commercial herring fisherman and that Exhibit 5 attached to the Complaint is a true and correct copy of the NPS November 2012 Notice. The remaining allegations in Paragraph 62 purport to characterize the NPS November 2012 Notice, a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to the document's plain language or meaning is denied.

63. The allegations in Paragraph 63 are denied.

64. The allegations in Paragraph 64 are denied except to admit that on January 25, 2013, NPS representatives from GGNRA meet with representatives of CDFW and Frank Henry, Matt Ryan, and Nick Sohrakoff.

65. The allegations of the first three sentences in Paragraph 65 are denied except to admit that a phone call between counsel for SFHA and an attorney for Defendants occurred in or around December of 2012. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of the fourth sentence of Paragraph 65, and, on that basis deny the allegations.

66. The allegations in Paragraph 66 are denied except to admit that the NPS provided the NPS November 2011 Notice to the CDFW and that a boat was transferred to GGNRA from another unit within the National Park System in approximately October 2012.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT – 13CV1750-JST – PAGE - 7

67. The allegations in Paragraph 67 are denied.

68. The allegations in Paragraph 68 are denied.

69. The allegations in Paragraph 69 are denied.

70. The allegations in Paragraph 70 are denied.

71. The allegations in Paragraph 71 are denied.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence in Paragraph 72, and, on that basis, deny the allegations. Defendants deny the allegations of the second, third and fourth sentences of Paragraph 72. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 72, and, on that basis, deny the allegations.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73, and, on that basis, deny the allegations.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74, and, on that basis, deny the allegations.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75, and, on that basis, deny the allegations.

76. The allegations in Paragraph 76 are denied.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and, on that basis, deny the allegations.

78. The allegations in Paragraph 78 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

79. The allegations in the first sentence of Paragraph 79 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations. The remaining allegations of Paragraph 79 are denied.

80. The allegations in the first sentence of Paragraph 80 constitute Plaintiff's characterization of this action to which no response is required; to the extent a response is required, Defendants deny the allegation. The allegations of the second sentence of Paragraph 80 constitute legal

assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

81. The allegations in Paragraph 81 are denied.

82. The allegations in Paragraph 82 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

## CAUSE OF ACTION

83. Defendants incorporate their responses from Paragraphs 1 through 82 as though fully set forth herein.

84. The allegations in Paragraph 84 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

85. The allegations in Paragraph 85 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

86. The allegations in Paragraph 86 constitute legal assertions to which no response is required; to the extent a response in required, Defendants deny the allegations.

87. The allegations in Paragraph 87 constitute legal assertions to which no response is required; to the extent a response in required, Defendants deny the allegations.

88. The allegations in Paragraph 88 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

89. The allegations in Paragraph 89 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

90. The allegations in Paragraph 90 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

91. The allegations in Paragraph 91 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations. In addition, the allegations in Paragraph 91 are vague and ambiguous; therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and, on that additional basis, deny the allegations in Paragraph 91.

92. The allegations in Paragraph 92 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

93. The allegations in Paragraph 93 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

94. The allegations in Paragraph 94 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

95. The allegations in Paragraph 95 constitute legal assertions to which no response is required; to the extent a response is required, Defendants deny the allegations.

The remainder of the Complaint constitutes Plaintiff's prayer for relief to which no response is required. Insofar as a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever. Defendants deny any and all allegations in Plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief, whether express or implied, not otherwise specifically admitted herein. In addition, Defendants aver that Plaintiff cannot meet its burden to establish that it is an association with either capacity to bring suit or standing to bring suit on its own behalf or on behalf of its unnamed alleged members. Defendants thus deny that Plaintiff has the capacity to bring suit or can meet its burden to establish standing. Furthermore, Defendants aver that Plaintiff cannot meet its burden to show that there is a final agency action or that there is otherwise subject matter jurisdiction over Plaintiff's claims.

## AFFIRMATIVE DEFENSES

1. Some or all of Plaintiff's causes of action fail to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's causes of action are time-barred by applicable statutes of limitation and, alternatively, by the doctrine of laches.

3. To the extent Plaintiff claims that any provision of California or other non-federal law gives Plaintiff's members a right to commercially fish in waters under the jurisdiction of Defendants, such a claim is preempted by federal law and the United States Constitution, including but not limited to, the Property, Commerce and Supremacy Clauses of the United States Constitution.

4. This Court's prior summary judgment order in favor of Defendants holding that DOI and NPS have statutory authority to apply 36 C.F.R. § 2.3(d)(4) within the waters in question is law of the case.

5. Defendants have insufficient knowledge or information on which to form a belief as to whether Defendants have any additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event further proceedings indicate it would be appropriate.

WHEREFORE, Defendants respectfully request that the court dismiss this action with prejudice, with all parties to bear their own costs and attorneys' fees, and grant such additional relief to Defendants as it deems fitting and just.

Dated: April 10, 2020          Respectfully submitted,

PRERAK SHAH
Deputy Assistant Attorney General


/s/ David W. Gehlert
DAVID W. GEHLERT
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division

DAVID L. ANDERSON
United States Attorney


/s/ Michael T. Pyle
MICHAEL T. PYLE
Assistant United States Attorney

*Attorneys for Defendants*